SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

United States
V.
MILTON J. TAYLOR
Co-Defendant.

Case No: F4745-01

Appeal File Date: 5/24/04

Page(s): 2

The following is a chronological listing of all Court Proceedings in this case

| DATE | ENTRY | JUDGE |
|---|---|---|
| 7/31/01 | #C10 - Charge; Dist. H.  Atty. G. Lawrence/G. Baron.  Cont. 8/1/01. 1322 (b)(1)(a)  Federal parole granted. | ROBINSON |
| 8/1/01 | #201- All parties present.  Bond now halfway house.  H.A.G.J.  To be notified by mail. | GOODBREAD |
| 8/13/01 | Reduction of pre-trials status.  Filed on 8/13/01 and forwarded to chambers on 8/13/01. | FELONY BRANCH |
| 8/15/01 | Indictment filed.  Counts B-C.  Arraignment notice mailed 8/20/01.  Cont. 8/29/01. | FELONY BRANCH |
| 8/29/01 | #111 - All parties present.  Def. arraigned on Counts B-C.  Plea not guilty and request speedy jury trial.  Status date set. Motion to modify bond is held in abeyance pending documentation of Judge Freeman's probation decision provided.  Cont. 10/12/01. | QUEEN |
| 10/12/01 | #211 - All parties present.  Modified w/r order filed.  Status held.  Cont. 1/28/02. | QUEEN |
| 1/9/02 | Notice of Compliance.  Filed 1/8/02. | FELONY BRANCH |
| 2/17/02 | Motion to modify pretrial release.  Filed on 1/15/02 and forwarded to Judge Gardner on 1/17/02.  Cont. 1/28/02. | FELONY BRANCH |
| 1/28/02 | #111 - All parties present.  Trial date set.  Cont. 4/25/02 | GARDNER |
| 4/25/02 | #111 - All parties present.  Plea to Count B-Distribution of Heroin.  Pre-sentence report requested.  $100 VVCC assessed.  Cont. 6/14/02. | GARDNER |
| 6/14/02 | Final Disposition: Count C is dismissed.  Count B-Distribution of Heroin.  5 years in jail. ESS, 2 year supervised probation.  5 year supervised release. 50 hours community services.  Fulltime employment, drug assessment and treatment. VVCC paid. | GARDNER |
| 7/11/02 | $100 VVCC paid on 6/14/02. | |
| 10/3/03 | Show cause order signed in chambers and filed herein. Def. is to appear before Judge Gardner on 10/15/03 @9:30 a.m. in Courtroom 118.  Cont. 10/15/03. | GARDNER |
| 10/15/03 | #118 - Def. failed to appear for show cause hearing.  Bench warrant order issued.  $1,000 cash. | GARDNER |
| 10/16/03 | Bench warrant sent to U.S. Marshals for service. | WARRANT |
| 10/24/03 | Bench warrant quashed.  Walk-in. | |

Exhibit No. 1

FILED
AUG 3 1 2006
NANCY MAYER WHITTINGTON, CLERK

06 1545

| DATE | ENTRY | JUDGE |
|---|---|---|
| 10/24/03 | #111 - Bench warrant quashed. Deft. informs the Court that he is having difficulty getting his lawyer to return his calls. Atty. Davidson standing-in for assigned lawyer. Show cause cont. 10/31/03. Atty. Lawrence to be notified by phone. | OFFICE GARDNER |
| 10/31/03 | #111 - All parties present. P.O. not present. Notified of next date. Show cause hearing cont. 11/5/03. | GARDNER |
| 11/5/03 | #111 - Deft. lawyer called in sick.   Cont. 11/12/03 | GARDNER |
| 11/12/03 | #111 - P.O. not present and notified by phone of next court hearing. Cont. 11/20/03. | GARDNER |
| 11/20/03 | #111 - All parties present. P.O. present. Show cause hearing vacated. | GARDNER |
| 3/5/04 | Show cause order signed in chambers and filed herein. Deft. is to appear before Judge Gardner on 3/17/04 @ 9:30 a.m. in Courtroom 111.  Cont. 3/17/04. | GARDNER |
| 3/16/04 | Motion to vacate correct or set-aside sentence filed.   Cont. 3/17/04 | GARDNER |
| 3/17/04 | #111 - CSO Mr. Erik James present. Work # 442-1307. Judicial summons to issue. Deft. has two different addresses and summons to each.   Cont. 4/9/04. | GARDNER |
| 4/9/04 | #111 - All parties present. Atty. G. Baron appt. Show cause cont. P.O. present. Cont. 5/4/04. | GARDNER |
| 5/4/04 | #111 - All parties present. Show cause hearing cont. 5/7/04. | GARDNER |
| 5/7/04 | #111 - All parties present. Probation revoked. Count B-Distribution of Heroin, twenty (20) months in jail. Two (2) years supervised release. | GARDNER |
| 5/12/04 | Federal designation processed FAP | |
| 5/26/04 | Notice of Appeal filed 5/24/04. | CMB |

Exhibit No. 2

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States of America
District of Columbia

Case No.: **F4745·01**
PDID No.: **318·437**

vs.

**Milton Taylor**

**Probation Revoked**

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☐ Guilty to the Charge(s) of _____
**Count "B", Distribution of Heroin**

and having been found guilty by ☐ Jury ☒ Court, it is hereby **ORDERED** that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby **SENTENCED** to

**Twenty (20) months in jail, Two (2) years Supervised Release.**

☐ **MANDATORY MINIMUM** term of _____ applies to the sentence imposed

☐ **MANDATORY MINIMUM** term does not apply.

☒ **ORDERED** that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above. **Credit for time Served.**

☐ **ORDERED** that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 903[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ **ORDERED** that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further **ORDERED** that while on probation the defendant observe the following marked conditions of probation:

   ☐ Observe the general conditions of probation listed on the back of this order.

   ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

   ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:
   _____

   ☐ Restitution of $ _____ in monthly installments of $ _____ beginning _____
   (see reverse side for payment instructions.)

   ☐ The Court will distribute monies to _____

Costs in the aggregate amount of $ _____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

**ORDERED** that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve the commitment/order for the defendant.

**May 7, 2004**
Date

Judge **W.P. Gardner Jr.**

Certification by Clerk pursuant to Criminal Rule 32(d).

**May 7, 2004**
Date

Deputy Clerk

Form CD(18)-1040/Oct. 01

**Exhibit No. 3**

**13**

U.S. Department of Justice  
United States Parole Commission

**Certificate of Supervised Release**  
**District of Columbia Code Offender**

To: **Milton Taylon**  
_Name_  
PDID/DCDC No. **318-437** Case No. **F4745-01**

Your term of supervised release is **20** years, which begins when you are released from imprisonment, unless otherwise provided by law. You must comply with the conditions set forth on this certificate. In addition, when you report to your Supervision Officer after release from custody, your Supervision Officer will notify you of additional conditions that apply to you during your term of supervised release. If you fail to comply with any condition of supervised release, the United States Parole Commission may take action against you. That action may include revoking your term of supervised release.

## CONDITIONS OF RELEASE

1. You must report in person to your Supervision Officer within 72 hours of release from custody and inform such officer of the place where you will reside. If you are outside the District of Columbia and unable to report to your Supervision Officer within 72 hours, you must contact the nearest U.S. Probation Office for instruction.

2. You must not leave the Washington, D.C. Metropolitan Area, or other designated district of supervision, without the permission of your Supervision Officer.

3. You must permit your Supervision Officer to visit you at any time at home or your place of business or work, and must permit the Supervision Officer to seize from your residence, your place of business or work, or your person any material which the officer sees in plain view and believes may constitute contraband.

4. You must not violate any law or associate with a person engaged in criminal activity. You must not associate with any person who has a criminal record unless permitted to do so by your Supervision Officer.

5. You must not visit a place where a controlled substance is illegally sold, used, distributed, or administered.

6. You must not unlawfully possess or use a controlled substance or any paraphernalia related to such substances (you may take lawfully prescribed medication), and you must refrain from excessive use of alcohol. You must not possess a firearm, ammunition, or other dangerous weapon.

7. You must not enter into any agreement to act as an informant or special agent for any law enforcement agency without prior authorization from the U.S. Parole Commission.

Form USPC.CSR-1.1  
Revised 06/03

☆ U.S. GOVERNMENT PRINTING OFFICE: 2004-305-791

Exhibit No. 4

Superior Court

12

```
           SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
                       CRIMINAL DIVISION


- - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA        :
                                :
          vs.                   :
                                :
MILTON TAYLOR,                  :  Docket Number: F4745-01
                                :
          Defendant,            :
                                :
WILLIAM JONES,                  :  Docket Number: F7401-01
                                :
          Co-defendant,         :
                                :
MELVIN COPELAND,                :  Docket Number: F7402-01
a.k.a. Melvin James             :
                                :
          Co-defendant.         :
- - - - - - - - - - - - - - - -x
                                        Thursday, April 25, 2002
                                                Washington, D.C.


     The above-entitled action came on for a trial before
the Honorable Wendell P. Gardner, Jr., Associate Judge, in
Courtroom Number 111.

          APPEARANCES:

          On behalf of the Government:
          John Manning, Esquire
          Assistant United States Attorney

          On behalf of Defendant Taylor
          Geraldine Larson, Esquire
          Washington, D.C.

          On behalf of Defendant Jones
          Lou Danfield, Esquire
          Washington, D.C.

          On behalf of Defendant Copeland
          Donald Boyce, Esquire
          Washington, D.C.
```

**Deposition Services, Inc.**
6245 Executive Boulevard
Rockville, MD 20852
Tel: (301) 881-3344  Fax: (301) 881-3338
info@DepositionServices.com  www.DepositionServices.com

Exhibit No. 5

lh

```
 1  witnesses, right to appeal, right not to be convicted
 2  unless and until the Government proves your guilt beyond a
 3  reasonable doubt, do you still want to plead guilty, Mr.
 4  Taylor?
 5          MR. TAYLOR:  Yes, sir.
 6          THE COURT:  Mr. Jones.
 7          MR. JONES:  Yes, sir.
 8          THE COURT:  Mr. Copeland.
 9          MR. COPELAND:  Yes, Your Honor.
10          THE COURT:  Now at this time I would like the
11  offense being extended to each individual defendant
12  starting with Mr. Milton J. Taylor, F4745-01 to be placed
13  on the record.
14          MR. MANNING:  Your Honor, in exchange for the
15  defendant's guilty plea to distribution of heroin, the
16  United States will dismiss all remaining charges, reserve
17  step back, waive enhancement papers, reserve allocution.
18  We have agreed to cap our allocution at no more than three
19  years.
20          MS. LARSON:  Actually, Your Honor, it's no more
21  than 18 months.
22          THE COURT:  Eighteen months on this paper right
23  here.
24          MR. MANNING:  Very well, Your Honor.
25          THE COURT:  All right, Mr. Taylor did you hear
```

9

Exhibit No. 6

`lh

```
 1  the Government lawyer's statement of what the Government
 2  is offering you to induce you to plead guilty of one count
 3  of distribution of heroin?
 4              MR. TAYLOR:  Yes, sir.
 5              THE COURT:  Do you understand their offer?
 6              MR. TAYLOR:  Yes, sir.
 7              THE COURT:  Do you have any questions about it?
 8              MR. TAYLOR:  No, sir.
 9              THE COURT:  It's the offer that the lawyer
10  stated that the Government is extending to you to induce
11  you to plead guilty?  Is that the same offer that you
12  received from the Government before you stated it on the
13  record?
14              MR. TAYLOR:  Yes, sir, 18 months.
15              THE COURT:  Yes, sir, 18 months?  Well, that
16  wasn't all that it was to the offer.  The offer contained
17  several components.  And my question to you is whether or
18  not the entire offer that the Government lawyer stated on
19  the record is the same offer you received from the
20  Government before he state it.
21              MR. TAYLOR:  Yes, the second offer.
22              THE COURT:  The second, the second offer.
23              MR. TAYLOR:  He made a mistake.
24              MS. LARSON:  If I could just clarify, Your
25  Honor, the Government gave first offer which was --
```

Exhibit No. 7

10

1h

| | |
|---|---|
| 1 | THE COURT:  Which was 24 months or something? |
| 2 | MS. LARSON:  For three years cap. |
| 3 | THE COURT:  For three years. |
| 4 | MS. LARSON:  The only difference to the second |
| 5 | offer was that the cap was reduced to 18 months.  I think |
| 6 | Mr. Taylor is trying to tell the Court that it was the |
| 7 | same as the Government proffered except that the cap was |
| 8 | 18 months. |
| 9 | THE COURT:  Is that what you're saying, sir? |
| 10 | MR. TAYLOR:  Yes, sir. |
| 11 | THE COURT:  All right.  Now let's go to Mr. |
| 12 | Jones in F741-01.  The offer being extended to him by the |
| 13 | Government to induce him to plead guilty to be stated on |
| 14 | the record. |
| 15 | MR. MANNING:  Sure, Your Honor.  Mr. Jones or |
| 16 | Mr. James? |
| 17 | THE COURT:  They got Jones on this thing right |
| 18 | here.  I think it's Jones. |
| 19 | MR. MANNING:  Right here yes, that's correct. |
| 20 | Jones it is.  With respect to Mr. Jones, Your Honor, in |
| 21 | exchange for the defendant to plead guilty to attempted |
| 22 | distribution of heroin, the United States will waive a |
| 23 | step back, waive enhancement papers, reserve allocution |
| 24 | and agree to cap allocation to 18 months. |
| 25 | THE COURT:  Did you hear the Government lawyer's |

11

Exhibit No. 8

lh

```
 1  Is anything he said that's inaccurate or untrue about your
 2  behavior?
 3          MR. COPELAND:  No, Your Honor.
 4          THE COURT:  Very well.  Now has anyone threaten,
 5  forced, or coerced you in any way to plead guilty, Mr.
 6  Taylor?
 7          MR. TAYLOR:  No, sir.
 8          THE COURT:  You, Mr. Jones?
 9          MR. JONES:  No, sir.
10          THE COURT:  You, Mr. Copeland?
11          MR. COPELAND:  No, Your Honor.
12          THE COURT:  Are you pleading guilty for any
13  reasons other than you're guilty, Mr. Taylor?
14          MR. TAYLOR:  No, sir.
15          THE COURT:  Mr. Jones.
16          MR. JONES:  No, sir.
17          THE COURT:  Mr. Copeland.
18          MR. COPELAND:  No, Your Honor.
19          THE COURT:  Anybody make any promises to you to
20  get you to plead guilty, Mr. Taylor, other than the
21  promises that were made when the Government's offer was
22  placed on the record?.
23          MR. TAYLOR:  No, sir.
24          THE COURT:  Same question for you, Mr. Jones.
25          MR. JONES:  No, Your Honor.
```

21

Exhibit No. 9

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

- - - - - - - - - - - - - - - x
                              :
UNITED STATES OF AMERICA      :    Docket Number: F4745-01
                              :
    vs.                       :
                              :
MILTON TAYLOR,                :
                              :
    Defendant.                :
                              :    Friday, May 7, 2004
- - - - - - - - - - - - - - - x    Washington, D.C.


        The above-entitled action came on for a hearing before
the Honorable WENDELL P. GARDNER, JR., Associate Judge, in
Courtroom Number 111 commencing at 10:49 a.m.

                    APPEARANCES:


                    On Behalf of the Government:

                    DAVE BERRY, Esquire
                    United States Assistant District Attorney

                    ERIC JAMES
                    Probation


                    On Behalf of the Defendant:

                    GREG BARON, Esquire
                    Washington, D.C.


**Deposition Services, Inc.**
6245 Executive Boulevard
Rockville, MD 20852
Tel: (301) 881-3344  Fax: (301) 881-3338
info@DepositionServices.com  www.DepositionServices.com

Exhibit No. 10

ld

1  you already put me in front of the Judge. I mean, you
2  already took me out of compliance. He told me that. He
3  exactly told me that and I came to his office on the 18th.
4  He told me that --
5       MR. JAMES: I told him that I sent, yes, mailed
6  the Violation Report to the Judge. But you still have an
7  opportunity from that time up until he issues a Show Cause
8  to get into compliance. And if you are I will tell the
9  Judge exactly what you're doing.
10      MR. TAYLOR: You told me --
11      MR. JAMES: You was not doing --
12      MR. TAYLOR: You told me --
13      MR. JAMES: -- anything right.
14      MR. TAYLOR: -- wasn't nothing you could do for
15  me when I appeared in your office.
16      MR. JAMES: I did not say that.
17      MR. TAYLOR: Yes, you did. You said it was in
18  his hands.
19      MR. JAMES: It is.
20               **FINDINGS OF THE COURT**
21      THE COURT: Well, the plain and simple fact is
22  you've been in here before on this Show Cause business and
23  -- let me see one other thing. See, because I don't
24  believe what you're telling me, Mr. Taylor. I'm going to
25  check one other thing. First of all, you've been on

8

Exhibit No. 12

1d

```
 1  probation, it says three years probation, 882. Probation
 2  revoked. So, you weren't any stranger to probation
 3  because you had been on probation before and you know
 4  what's required. And as a matter of fact, you had your
 5  probation revoked before. So, having had a history of
 6  having your probation revoked, you knew what it was like
 7  to have your probation revoked and go back to jail.
 8          So, it seems like to me you would have been
 9  bending over backwards. .Instead of him trying to you all
10  over the place you'd have been running down there worrying
11  him or, you know, what else can I do. But you're back in
12  here again with the same problem and everybody else is at
13  fault but you. Nobody else has done anything right but
14  you. So, I don't buy that and your probation is revoked.
15  Now, let's see how much time you're going to get.
16          MR. BARON: If I could inquire of the Court
17  before we proceed to sentencing. Mr. Taylor, I believe,
18  has filed a pro se, what appears to me to be a pro se
19  23110 motion. I don't know if the Court --
20          THE COURT: I don't know anything about that.
21  23110. When did he file it? In March?
22          MR. BARON: I don't --
23          THE COURT: What's that all about?
24          MR. BARON: Your Honor, I'm not quite sure. I
25  don't know if this case is the case that had gone to trial
```

9

Exhibit No. 12

ld

1 | or whether it was a plea.

2 | THE COURT: I don't remember, to tell you the
3 | truth.

4 | MR. BARON: And so, I'm not --

5 | THE COURT: Let's see. It was a plea. It was a
6 | plea. And he pled back in 6-14-02 and all of a sudden
7 | it's eight or nine, I don't know how many months later,
8 | that all of a sudden that his lawyer wasn't any good. But
9 | that's not going to forestall anything today, the fact
10 | that he filed a pro se 23110 motion. We can deal with
11 | that later.

12 | **SENTENCING**

13 | THE COURT: I'll give him five years suspended.
14 | He had two years supervised. I don't think that's right.
15 | That should have been three years. Oh. And put him on
16 | two years probation, five years supervised release.
17 | Distribution of heroine. Yes. That's a 30-year sentence.
18 | So, your probation is revoked and you've got 42 months.
19 | Anything else?

20 | MR. BARON: I would ask the Court not to give
21 | him the full measure of that 42 months. What we have
22 | here, I think, are technical violations for failing to
23 | appear at the meetings. He hasn't, as far as I know,
24 | hasn't been rearrested on probable cause in any offense.
25 | Notwithstanding what's in the report, I believe that he

10

Exhibit No. 13

1d

1   actually has at least, at least recently, since I've been
2   representing him, tried to do whatever he could to salvage
3   his situation.
4        THE COURT: Well, he's -- I'm trying to check
5   one other thing. Yes. He has been here once before.
6   Forty-two months. Take him back, marshal.
7        MR. BARON: Your Honor, the only other, the last
8   thing that I wanted to raise on his behalf is that it's my
9   understanding that there was, at the initial plea there
10  was an 18-month cap. And I would ask --
11       THE COURT: Eighteen month cap?
12       MR. BARON: That the Government had agreed to an
13  18-month cap.
14       THE COURT: That's what they agreed to. That's
15  not what I agreed to.
16       MR. BARON: I understand that, Your Honor. I
17  just wanted to raise the issue beforehand and to ask the
18  Court to consider not sentencing him beyond the 18-month
19  cap.
20       THE COURT: Let's see. Let me see what they've
21  got in here. Let's see. What does this say here? It
22  says cap to 18 months. Well, I must have thought that he
23  did something worse. I must have thought that was a bad
24  arrangement. So, I'll give you 20 months. You just saved
25  yourself 22 months. Take him back, marshal.

11

Exhibit No. 14

DISTRICT OF COLUMBIA COURT OF APPEALS

FILED
MAR 28 2006
DISTRICT OF COLUMBIA
COURT OF APPEALS

No. 04-CO-541

MILTON J. TAYLOR,
    APPELLANT,
F4745-01

v.

UNITED STATES,
    APPELLEE.

Appeal from the Superior Court of the
District of Columbia
Criminal Division

(Hon. Wendell P. Gardner, Jr., Trial Judge)

(Submitted March 23, 2006      Decided March 28, 2006 )

Before SCHWELB and KRAMER, *Associate Judges*, and STEADMAN, *Senior Judge*.

## MEMORANDUM OPINION AND JUDGMENT

PER CURIAM: On June 14, 2002, following his plea of guilty to one count of distribution of heroin, Milton J. Taylor was sentenced to imprisonment for five years, but the execution of further imprisonment was suspended, and Taylor was placed on probation for two years and on supervised release for five years. On May 7, 2004, the trial judge revoked Taylor's probation and ordered that Taylor serve twenty months in prison.[1] Taylor now appeals, contending that the revocation of his probation was improper. We disagree and affirm.

Taylor's principal contention is that the trial judge erred by holding only one revocation hearing instead of two. This contention is unpersuasive. In *Smith v. United States*, 474 A.2d 1271, 1272-73 (D.C. 1983), this court explained that the two-stage procedure set forth in *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973), was designed to "prevent deprivation of a probationer's liberty without a finding of probable cause that he or she has violated the conditions of probation." Taylor was not detained before his probation

---

[1] This was only one third of the original suspended sentence.

Exhibit No. 15

was revoked, and so no preliminary (*Peters I*)² hearing was necessary. Indeed, since Taylor was not deprived of his liberty until the judge heard the merits and found that Taylor had violated his probation, it is unclear what, if any, purpose a *Peters I* hearing would have served.

The remaining claims made on Taylor's behalf, either in the brief filed by his counsel or in his *pro se* brief, are devoid of merit, and we reject each of them substantially for the reasons stated in the brief for the United States. We likewise discern no merit in any of the contentions made for the first time in Taylor's intemperate *pro se* Reply Brief,³ which is replete with unsubstantiated allegations of judicial bias and of fraud on the court. Accordingly, it is hereby ordered, adjudged and decreed that the order appealed from is

*Affirmed.*⁴

ENTERED BY DIRECTION OF THE COURT

Garland Pinkston, Jr.
Clerk of the Court

---

² The "*Peters I*" and "*Peters II*" procedure utilized in this jurisdiction is described in *In re A.W.*, 353 A.2d 686, 687-96 (D.C. 1976) (per curiam) (Nebeker, J., concurring).

³ Claims not included in a party's initial brief are deemed waived. *In re Shearin*, 764 A.2d 774, 777-78 (D.C. 2001). Taylor is represented by counsel in this appeal, and we have considered the contentions in Taylor's *pro se* submissions even though, at least arguably, we are not obliged to entertain them at all.

⁴ So far as we have been able to determine, Taylor's motion to vacate, correct or set aside his sentence on the basis of ineffective assistance of counsel has not yet been ruled upon.

Exhibit No. 16

CASE NUMBER 04-CO-000541
MILTON J. TAYLOR V. UNITED STATES

| | |
|---|---|
| 4/07/2006 | APPELLANT'S PETITION FOR REHEARING EN BANC<br>PBRADY |
| 4/12/2006 | APPELLANT'S MISCELLANEOUS PROCEDURAL MOTION<br>to supplement the petition for rehearing en banc<br>PMCMILLAN |
| 6/29/2006 | APPLICATION FOR COMPENSATION (CJA/CCAN)<br>Robert H. Hollander<br>LWILLIAMS |

------------------------------------------------------------

### SCHEDULED EVENTS

| | |
|---|---|
| 4/24/2006 | APPELLEE'S OPPOSITION<br>TO MAMP |

------------------------------------------------------------

### DISPOSITION

| | |
|---|---|
| 3/28/2006 | AFFIRMED<br>MOJ |

------------------------------------------------------------

ExHibiT No. 12