# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MILTON JOSEPH TAYLOR,      :     Civil Action No. 06-1545 (EGS)
        Petitioner        :
                    :
                    :
      v.                  :
                    :
U.S. MARSHALL OFFICE,      :
U.S. PAROLE COMMISSION et al,      :
        Respondents      :

## UNITED STATES' OPPOSITION TO PETITIONER'S PETITION
## FOR A WRIT OF HABEAS CORPUS

The federal respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully file their opposition to the petitioner's pro se petition for a writ of habeas corpus. The petitioner claims that the United States Parole Commission ["Commission"] is an unconstitutional entity operating in an unlawful manner and, as such, has no authority and jurisdiction over his sentence. Because the Court has denied the petitioner's prior habeas petition based on the identical claims, the petitioner's petition for a writ of habeas corpus should be summarily denied.

## BRIEF PROCEDURAL HISTORY

The petitioner, Milton Joseph Taylor, was convicted in F4745-01 of distribution of heroin and, on May 7, 2004, his probation was revoked and he was sentenced to a twenty month term of imprisonment, to be followed by two years of supervised release. See Exhibit 1 (Sentence

Monitoring Computation Data).[1]  By order dated April 14, 2005, the Commission added a special

drug aftercare condition to the petitioner's conditions of supervised release. <u>See</u> Exhibit 2

(Notice of Action.)  This decision was administratively appealable, but the petitioner did not file

an appeal. <u>Id</u>. The petitioner was released to his supervised release term on May 23, 2005, to

remain under supervision for 24 months. <u>See</u> Exhibit 3 (Certificate of Supervised Release).

On April 20, 2006, the Commission issued a violator warrant charging the petitioner with

violating the conditions of supervised release by failing to submit to drug testing, using illegal

drugs on multiple occasions, violating the special drug aftercare condition, and failing to report

to his supervising officer as directed. <u>See</u> Exhibit 4 (Warrant Application). The petitioner has

failed to make himself available for supervision since on or about March 22, 2006. <u>Id</u>. The

Commission instructed the U.S. Marshals Service to take custody of the petitioner. <u>See</u> Exhibit 5

(Memorandum). To date, the petitioner has not been arrested on the violator warrant which

remains outstanding.

The petitioner filed a previous habeas petition in which the petitioner challenged the

authority of the U.S. Parole Commission to oversee his sentence. The Court denied this habeas

petition on April 21, 2006. <u>Taylor v. Norton</u>, 2006 WL 1071517 (D.D.C. April 21, 2006). On

August 14, 2006, the petitioner filed the instant petition for a writ of habeas corpus raising the

same arguments that he had raised in his previous habeas petition.

---

[1]Because the petitioner's offense occurred after August 5, 2000, he was sentenced under
the District of Columbia Sentencing Reform Amendment Act of 2000 which specifically places
defendants on supervised release under the authority of the Commission. <u>See</u> D.C. Code § 24-
403.01(b)(6).

## ARGUMENT

On August 14, 2006, the petitioner filed the instant pro se petition for a writ of habeas corpus. In his petition, the petitioner claims the U.S. Parole Commission has no authority over his sentence or any ability to revoke his supervised release because it is an unconstitutional entity that violates the separation of powers doctrine. Specifically, the petitioner challenges the Commission's authority to issue violator warrants, to conduct revocation proceedings, to forfeit a parolee's "street time" upon revocation, and to order a person on supervised release to submit to a DNA test and drug testing. These claims were previously raised by the petitioner in a habeas petition filed in Civil Action No. 05-1634 (EGS). The Court denied the petitioner's habeas petition on April 21, 2006. Taylor v. Norton, 2006 WL 1071517 (D.D.C. April 21, 2006). Because these claims have been previously litigated and determined adversely to the petitioner, the instant petition should be summarily denied.

The Court, in its discretion, may decline to hear a successive habeas petition if "the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, . . . the prior determination was on the merits, . . . and the ends of justice would not be served by reaching the merits of the subsequent application." See Sanders v. United States, 373 U.S. 1, 15 (1963); see also Murray v. District of Columbia, 826 F. Supp. 4, 9 (D.D.C. 1993) (post-conviction claim was properly dismissed as successive petition where the argument was raised before and rejected); Chambers v. United States, 106 F.3d 472, 475 (2nd Cir. 1997) (second 2241 petition raising a claim litigated in previous 2241 petition properly dismissed pursuant to 28 U.S.C. § 2244(a));  George v. Perrill, 62 F.3d 333, 334 (10th Cir. 1995) ("a section 2241 petition which presents no new grounds for relief is subject to dismissal

as a successive petition unless the ends of justice require consideration of the merits"); Glumb

v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990) (three claims in appellant's 28 U.S.C. § 2241

habeas petition were "barred by the successive writ rule because they had been previously

litigated and adjudicated in [appellant's] prior habeas proceedings") (footnote and citation

omitted).

      In his prior habeas case, this Court rejected the petitioner's claims that the Commission

lacked authority over persons on supervised release, that the Commission's exercise of

supervision and ability to conduct revocation proceedings was a violation of separation of

powers and usurped the authority of the courts to impose sentence, that the Commission had no

authority to forfeit a parolee's "street time" upon revocation, and that the Commission lacked

the authority to order a person on supervised release to submit to a DNA test and drug testing.

Taylor v. Norton, 2006 WL 1071517 (D.D.C. April 21, 2006).[2] Therefore, the petitioner's

present petition constitutes a successive habeas petition and should be summarily denied by

---

[2]The Court also rejected the petitioner's challenge to the legality of his sentence because such a challenge must be raised by filing a 23-110 motion in Superior Court. Taylor v. Norton, 2006 WL 1071517, *1 n.4 (D.D.C. April 21, 2006). Individuals serving sentences imposed by Superior Court generally may not use 28 U.S.C. §§ 2241 or 2254 to challenge the validity of a conviction or sentence (as distinguished from challenging how a sentence is executed). Instead, these individuals (such as the petitioner) must pursue any post-conviction relief in Superior Court under D.C. Code § 23-110. See Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (per curiam) ("Since passage of the Court Reform Act. . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court–the Superior Court–pursuant to D.C. Code § 23-110."); Garris v. Lindsay, 794 F.2d 722, 725-26 (D.C. Cir.) (per curiam) (same, and noting that a defendant who does not succeed in his or her motion for post-relief may appeal to the District of Columbia Court of Appeals), cert. denied, 479 U.S. 993 (1986).

this Court.[3]

## CONCLUSION

_____Accordingly, the petitioner's petition for a writ of habeas corpus should be summarily

denied.

A proposed order is attached.

_____

[3]Moreover, the Court should dismiss the petitioner's petition under the doctrine of fugitive disentitlement. It is settled that "a fugitive from federal justice . . . may not call upon the resources of the court to adjudicate his claim" and that, so long as a fugitive evades federal authority, "it is the general rule that he may not demand that a federal court service his complaint." Doyle v. U.S. Dept. of Justice, 668 F.2d 1365, 1365-66 (D.C. Cir. 1981), cert. denied, 455 U.S. 1002 (1982). The U.S. Supreme Court has "sustained . . . the authority of an appellate court to dismiss an appeal . . . in a criminal matter when the party seeking relief becomes a fugitive." Degen v. United States, 517 U.S. 820, 823 (1996); United States v.Wood, 550 F.2d 435, 437-38 (9th Cir. 1977) (criminal appeal dismissed of a fugitive from bench warrant issued for his failure to comply with conditions of bail). The fugitive disentitlement doctrine also has been applied in the habeas context. See Bagwell v. Dretke, 376 F.3d 408, 412 (5th Cir. 2004) (citing cases); Lopez v. Malley, 552 F.2d 682, 683 (10th Cir.1977) (no meaningful difference between habeas petition and direct appeal for purposes of fugitive disentitlement doctrine). Given that the petitioner absconded from supervision on or about March 22, 2006, and that a violator warrant is outstanding, he was a fugitive at the time he filed the instant petition on August 14, 2006 and remains a fugitive. See Arellanes v. Seifert, 1996 WL 726645 (9th Cir. 1996) (affirming dismissal of habeas petition challenging Parole Commission's authority based on petitioner's outstanding parole violator warrant); Nelson v. Cozza-Rhodes, 2006 WL 83064 (E.D. Mich. January 11, 2006) (habeas petition challenging a parole violator warrant dismissed due to petitioner's fugitive status when petitioner failed to return to custody following a furlough).
For the reasons set forth in the United States' Opposition to the petitioner's prior habeas petition in Civil Action No. 05-1634 (EGS), the petitioner's arguments are without merit and should be summarily denied. However, should the Court determine that the petitioner's instant petition is not a successive petition and that the fugitive disentitlement doctrine is not applicable, we respectfully request an opportunity to further address these claims on the merits at that time.

Respectfully submitted,

JEFFREY A. TAYLOR
 Interim United States Attorney
D.C. Bar Number 498-610

_____/s/_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

_____/s/_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Division
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the United States' Opposition has been electronically filed with the Court and served by mail upon the petitioner, Milton Joseph Taylor, 1175 Stevens Road, S.E., Washington, D.C. 20020, this 12th day of October, 2006.

_____/s/_____
Sherri L. Berthrong
Assistant United States Attorney