UNITED STATES OF AMERICA
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

OCT 1 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MILTON JOSEPH TAYLOR
    Petitioner,

    V.                          Civil Action No. 06-1545 [EGS]

U.S. MARSHALL OFFICE,
U.S. PAROLE COMMISSION et al,
    Respondents.

## PETIIONER'S REPLY MOTION TO REFUT
## THE GOVERNMENT'S MOTION TO DISMISS.

    The petitioner, Milton J. Taylor is the pro se petitioner named in this above Caption Case, known to this Honorable Court as a 'JAIL-HOUSE LAWYER' for himself and all D.C. Code Offenders, <u>that has been 'kidnapped' behind bars as result to a U.S. Parole Commission warrant, executed by the U.S. Marshall Office unlawfully.</u>

    The United States Attorney, Jeffrey A. Taylor, Robert D. Okun, Sherri L. Berth-Rong as co-Assistant U.S. Attorney asked judge Emmet G. Sullivan to dismiss Mr. Taylor's Writ of Habeas Corpus for the sole purpose of him being <u>slander as a fugitive Of justice</u> and <u>to classify this case as a successive 2241 writ of habeas corpus.</u> This Court had first denied Mr. Taylor's Writ of Habeas Corpus on April 21, 2006, without Addressing Mr. Taylor's 'SEPARATION OF POWER' claim. See <u>Taylor v. Norton,</u> 2006 WL 1071517 [D.D.C. April 21, 2006]. <u>This above cited case is now on appeal in the U.S. Court of Appeals for the District of Columbia pending for review on the merits, and Mr. Taylor was not consider to be a fugitive in his pending appeal.</u> See <u>Taylor</u> v.

Eleanor Holmes Norton, et al. 06-5160.

On the contrary, judge Sullivan is totally responsible for Mr. Taylor being Alleged as a fugitive on the run from the U.S. Parole Commission's jurisdiction and Not the Superior Court, as required by the Criminal No. 32.1. It is well settled that Mr. Taylor's probable cause hearing or Show Cause Hearing must be heard by a U.S. Magistrate judge or his sentencing judge in the Superior Court for the District of Columbia, because he's on a <u>mistakenly</u> 2 years Supervised Release Term, due to an 18 months Cap <u>breached</u> by his sentencing judge [Wendell P. Gardner, Jr.]. <u>If, Mr. Taylor's 18 months Cap was resolve on the merits in his state Writ of Habeas Corpus Or direct appeal, Mr. Taylor 2 years Supervised Release Term will not be 'delegated' in The hands of the U.S. Parole Commission nor will he be considered a fugitive from Justice.</u> Despite the Government's opposition response in this case and judge Sullivan's Previous dismissed order of foot-notes, Mr. Taylor had tried to <u>exhaust</u> his state court's Remedies and justice was denied altogether. A D.C. Code section 23-110 motion will No longer serve any purpose for relief and <u>the ends of justice require consideration on the Merits in a Federal Court, when a sentencing judge had suspended a state writ.</u> See Mr. Taylor's docket sheets as exhibit no. 1 and 2 , ARTICLE 1, section 9, clause 2 ; see also, Zakari v. Reno, ----- F. Supp.2d ----, [E.D. Va.] [decided in May 1999 by judge Leonia Brinkema][ 2241 can be heard a second time, when the case was not decided on the Merit]. See also, U.S. v. Castro, decided in the Supreme Court in the year of 12/15/03.

This Court had ordered the respondents to 'Show Cause' in a period of 30 Days, But the respondent had failed to address Mr. Taylor's merits as required by the law.

On the contrary, 28 U.S.C. section 2243 demands the Federal Court judges to

Resolve a case in the period of three [3] days and order the government to respond

In that three [3] days time-frame. The Government request for more time to try to

Dispute Mr. Taylor's outstanding claims for relief. Mr. Taylor now 'PROTEST' the

Government's above request to the presiding judge in this case, because judge Emmet

Sullivan should not had been assigned to this case at all, when he had 'WHITE-

WASHED' Mr. Taylor's previous Writ of Habeas Corpus in the Civil Action No.

05-1634 Taylor v. Holmes et al, and had arbitrarily dismissed Mr. Taylor's Law

Suit on September 29th, 2006 in Civil Action No. 03-2134. See Taylor v. U.S. Probation

Office, et al., In the above case, the Bureau of Prison officials had ran Mr. Taylor's

State sentence 'CONSECUTIVE' to an unserved Federal six [6] months Halfway House

Sentence that was closed out as moot, on February 4th, 2005, causing Mr. Taylor to serve

24 months on an imposed 20 months states sentence. Prison officials had no 'JUDICIAL

POWER' to had ran Mr. Taylor's state sentence consecutive or expand his statutory re-

Lease date, which violated the 'SEPARATION OF POWER' doctrine. See United States

v. Johnson, 48 F. 3d 806, 807-08 [4[th] Cir. 1995].

Now since, judge Sullivan had a problem with ruling on Mr. Taylor's separation

Of power claims in the past proceeding and he only have a tendency to 'REPEAT' all

Statutory statutes enacted by Congress, whether they are unconstitutional and infringed

Upon D.C. Code Offenders Constitutional Rights. Judge Sullivan had shown judicial

'BIAS' against Mr. Taylor, violated his 'SWORN OATH' in office on purpose and truly

denied Mr. Taylor to be access to a Federal forum to hear his claims for relief, as well as

'BOY-COTT' Mr. Taylor's First Amendment Rights to sued Government officials.

"*STATEMENT OF THIS CASE*"

A.   Whether federal judges should allow Congress to further violate the Separation of Power, by delegating judicial and legislative authority to the U.S. Parole Commission and violate D.C. Code Offenders 8th Amendment Rights ?

When a parole detainer has been 'executed' by the U.S. Marshal Office and with the assistance of local police officials, a prisoner will be carry straight to the U.S. Marshal Office for fringerprint, photo and transport to D.C. Jail.  The U.S. Parole Commission will 'schedule' a parole revocation hearing, <u>as if he was an official judge</u>.  The panel will give the parolee a chance to 'plea guilty to all alleged violation charges and offer the parolee several months in jail to do.  The parolee will <u>lose</u> his 'Street Time Credit' and additional months or years will be added to his maximum Release Term date., in violation of the "EX POST FACTO CLAUSE."  Title 28 U.S.C. § 2.98 (a)(2), 28 U.S.C. § 2.20, D.C. Code § 24-131 (a) constituted <u>delegated power</u> to the U.S. Parole Commission to "REVOKE" a parolee sentence and return him to custody.  Furthermore, D.C. Code § 24-206 (a) and D.C. Code § 24-406 does delegate power to the U.S. Parole Commission to forfeit street time credit, in violation of the Separation of Power and <u>conflict with the D.C. Code § 24-221.03, when the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed.</u>  See Luck v. District of Columbia, 617 A. 2d 509 (D.D.C. 1992)(Luck I).

~ 4 ~

WHETHER A FERDERAL COURT SHOULD ADDRESS
<u>A CONSTITUTIONAL WRONG IN A CIVIL ACTION</u>


Prosecutors have a tendency to represent other Government officials whom had
Committed a ' Constitutional Wrong ' against  a pro se litigant that desire to really
Pursue his law suit in Federal Court.   Once the presiding judge is assign to the case
And discover that another judge is in violation of committing a criminal act in office
The assigned judge will dismiss the complaint on purpose, by reason of stating that
Government officials are <u>immune</u> from being sued in their official capacity, whether
They violate a person's Civil Rights or cause injury to that person.   Title 28 U.S.C.
Section 1915 [e] [2] [iii] <u>grants protective immunity for government officials from
Being sued for monetary damages.</u>   This above statute highly <u>infringe</u> upon the
Criminal statute Title 28 U.S.C. section 241 and 242, as well as runs an <u>encroach-
Ment on Title 42 U.S.C. section 1983 and Title 28 U.S.C. section 1331.</u>


Judges that represent the U.S. District Court for the District of Columbia has
Been 'REBELLIOUS' to uphold the law in good faith, <u>does not respect the merits
Of a pro se litigant writ of habeas corpus</u> and <u>will 'COVER-UP' the wrong doings
Of other government officials.</u>   When a judge had played 'MUSIC-CHAIR' with
A person's outstanding issues,  <u>the petitioner cannot  show that his conviction or
Sentence has been invalidated , reverse on direct appeal or called in question of a
Writ of habeas corpus,</u> <u>he cannot sue his judge or other government officials at all.</u>


The Courts can no longer use the Supreme Court set precedent case called <u>Heck
v. Humphrey,</u> as a <u>legal defense,</u> <u>because those nine justice judges did not ever deal</u>

with the issue of ' whether Heck v. Humphrey case impose a threat on a person's freedom of speech, to speak freely against Court officials that had caused a person to suffered an 'INJUSTICE' behind bars, and suspension of his Civil Action cases.

The gravamen of the petitioner's/appellant's complaint is that, ' judges sits on Post at the Courthouses waiting for Mr. Taylor to file writs and law suits against the Government, with the malicious intent to 'WHITE-WASHED' any relief that Mr. Taylor can obtain.   Furthermore, the prosecutors are acting in concert to 'BOY-COTT' Mr. Taylor's complaints filed in the District and Superior Court, when the Prosecutors legal duties is to prosecute all government officials whom commit a Crime in the United States of America.

The Supreme Court has explained, 'the right to access to the courts ... is found In the Due Process Clause and assures that no person will be denied the opportunity To present to the judiciary allegation concerning violation of fundamental constitu-Tional rights.' Wolff v. McDonnell, 418 U.S. 539, 41 L. Ed. 2d 935 [1994];  see also, Bounds v. Smith, 430 U.S. 817, 52 L. Ed. 2d 72 [1974].  A fugitive from justice have The same Constitutional Rights as any other person, when his freedom is being so Jeopardize by an 'Executive Branch.'

- 6 -

Failure to provide a hearing and for a judge to consider the facts on the merit, will constitute a "MISCARRIAGE OF JUSTICE" and grounds later to "IMPEACH" all judges named in this case. See In re Scott, 709 F. 2d 717, 719 (D.C. Cir. 1988);  see also Free-man v. Lane, 962 F. 2d 1252 (7th Cir. 1992).  As the Fourth Circuit stated in Russell v Oliver,  552 F. 2d 115, 116 (4th Cir. 1977), a liberal construction of pro se complaint 'require that the judge view all of the allegations not as isolated incidents, but rather as a unit.  A miscarriage of justice "OUTWEIGH" any procedure defaults , waived by the Court or a trial counsel whom had prejudice his client's defense.  See Hill v. U.S., 368 U.S. 424, 428, 7 L. Ed. 2d 417, 82 S. Ct. 468  It is "un-realistic to think that trial counsel  will raise ineffective assistance of counsel against himsel or herself on direct appeal.  See U.S. v. DeRewal, 10 F. 3d 100, 101-02.  Furthermore, It is 'un-realistic' for an Appellate Court judge to ask a lower court judge to 'make a ruling against himself or herself after showing bias to a defendant.

It is well settled, that ' the Law was not design for Court officials to "AMBUSH" the Constitution, after being placed in office by the U.S. President.  The Canon Codes of Professional Ethics must be enforce by the court and must be respected by members of the Bar, if they are to maintain confidence in the integrity and impartiality of the administration of justice.  In re Meeker, 76 N.M. 354, 414 P. 2d 862, 864 (1996) appeal dismised, 383 U.S. 499.  A judge must adjudicate all claims before him, as required by justice.

This case arises from a relatively uncommon factual scenario; Criminal Milton Joseph Taylor had <u>challenge</u> his conviction and sentence before a lower court and appellate court, within the District of Columbia.  In both courts, had failed to adjudicate on the merits, that Mr. Taylor's 18 month Cap was 'breached on purpose' by judge Wendell P. Gardner, Jr., that seriously had affected his 2 years Supervised Release Term, being delegated to the U.S. Parole Commission, in violation of the Separation of Power doctrine.  Mr. Taylor's Sentencing Transcripts on page Number 10, lines 5 thru 11, as appendix No. ----------, clearly shows that judge Gardner, Jr. Had became very frustrated at Mr. Taylor and <u>punished</u> him for filing a 'Writ of Habeas Corpus' against his trial lawyer [ Geralyn R Lawrence] as stated below;

> ' THE COURT;  Let's see.  It was a plea.  It was a plea.
> And he pled back in 6-14-02 and all of sudden it's eight
> or nine, I don't know how many months later, that all of
> a sudden that his lawyer wasn't any good.  But that's not
> <u>going to forestall anything today, the fact that he filed a</u>
> <u>pro se D.C. Code motion</u> .  <u>We can deal with that later.</u>

On the contrary, judge Gardner, Jr. Had clearly <u>observed</u> Mr. Taylor's 18 months Cap, <u>without confessing before his Courtroom Chamber, 'that he wasn't binded by the 18 months Cap</u> and sentence Mr. Taylor to 20 months in jail, with time credit serve.  After this 20 months sen- was pronounce in the Courtroom, judge Gardner, Jr. Had stated to Mr. Taylor at the Sentencing Hearing that '<u>you just saved yourself 22 months</u>.'   Transcripts page number 11, lines 20 thru 25 says below;

'THE COURT; Let's see. Let me see what they've got in here. Let's see. What does this say here ? It says cap to 18 months. Well, I must have thought that he did something worse. I must have thought that was a bad arrangement. So, I'll give you 20 months. You just saved yourself 22 months. Take him back, marshal.

The court's filed criminal record and the 'Audio Sound Tape' sustain that <u>Mr. Taylor was not physically present in the courtroom when judge Gardner, Jr. Had 'SILENTLY' imposed a 2 years Supervised Release Term on the Judgment and Commitment Order. This was an intent violation of the Criminal Rule No.43,</u> because the law states that ' Mr. Taylor must be present at all of his criminal court proceedings, but in this case, judge Gardner, Jr. 'Did not allow him the opportunity to object to any additional 2 years Supervised Release Term imposed by the Court</u> . This above claim falls under the 'PLAIN ERROR' doctrine, <u>but Mr. Taylor's Appellate lawyer [Robert H. Hollander] did not raised the above issue in his imposing brief</u> and <u>the Three-Judge Panel had failed to address the above claim on direct appeal, causing Mr. Taylor extreme preju-dice</u>. Mr. Taylor was represented by three Court Appointed lawyers who couldn't <u>discovered</u> the above outstanding issue, which makes the 'cause and prejudice' prong has already been met.

Due to the mere fact that, Mr. Taylor was 'INDUCE' to had pled guilty by the Court and he had never 'waived the 18 months Cap issue' on direct appeal, <u>whereas the promise was not fullfiled by the Government,</u> This Honorable Court have the last jurisdiction to resolve the merits of this case. Pursuant to the District of Columbia Contract Law, '[t]here must ... be honest and fair <u>'meeting of the minds'</u> as to all issues in a contract. See <u>U.S.</u> v. <u>Oruche</u>, 257 F. Supp. 230 [D.D.C. 2003]; see also, <u>Santabello</u> v. <u>New York</u>, 404 U.S. 257, 30 L. Ed. 2d 427 [1971].

Strickland v. Washington, 466 U.S. 668, 687-688, 80 L Ed. 2d 674
104 S. Ct. 2052 [1984] .

The true facts in this case will never change and the Government cannot dispute Mr.

Taylor's issues for review in this Honorable Court.  Because judge Wendell P. Gardner, Jr.

Had 'IMPAIRED THE OBLIGATION OF MR. TAYLOR'S PLEA BARGAIN AGREE-

MENT CONTRACT' as negotiated by trial counsel and the Government, which was not

relived by the 18 months Cap at all nor was trial counsel immune from engaging into a fraud

with the court.  Plain error is shown when the error committed 'is so obvious and substantial

that failure to notice and correct it would affect the fairness, integrity or public reputation of

judicial proceedings.'  U.S. v. Navejar, 963 F. 2d 732, 734 [5th Cir. 1992].  In United States

v. Harvey, 791 F. 2d 294, 300 [4th Cir. 1986] [citation omitted] the Three-Judge Panel had

stated that violations of plea agreements on the part of the government serve not only to violate

the constitutional rights of the defendant, but directly involve 'the honor of the government,

public confidence in the fair administration of justice, and the effective administration of justice

in a federal scheme of government.'  'The failure of the Government to fulfill its promise, there-

fore, affects the fairness, integrity, and public reputation of judicial proceedings... [Therefore] a

prosecutor's breach of a plea agreement can amount to plain error..'  U.S. v. Goldfaden, 959 F.

2d 1324, 1328 [5th Cir. 1992].  The Superior Court and Court of Appeals for D.C. had taken a

'SILENT' approach concerning the breached 18 months Cap issue.

Due to the mere fact that, Mr. Taylor was **"INDUCE"** to had pled guilty by the Court and the same U.S. Attorney Office that is imposing the dismissal in this case, shows clearly that the <u>Government had no intention to fullfiled their promise made to Mr. Taylor at all</u>. This Honorable Court have the last jurisdiction to resolve the merits presented in this case.

When a breach of contract claim has been ignored in a state Courts and there has not been a final adjudication on the merit, the defendant should not be deprive of a statutory right to further litigate that issue within a Federal Court. Pursuant to the District of Columbia Contract Law, '[]t]here must ... be honest and <u>fair</u> '<u>meeting of the minds' as to all issues in a contract</u>. See <u>U.S</u>. v. <u>Oruche</u>, 257 F. Supp. 230 [D.D.C. 2000]; see also, <u>Santabello</u> v. <u>New York</u>, 404 U.S. 257, 30 L. Ed. 2d 427 [1971]. To effect that a state or federal judge must personally inquire whether the defendant or appellant 'understood the nature of the charge against him before entering a guilty plea and that any non-compliance with this requirement constitute <u>reversible</u> <u>error</u> entitling the defendant to plea anew. See <u>McCarty</u> v. <u>U.S</u>. 22 L. Ed. 2d 418; see also, <u>U.S</u>. v. <u>Rewis</u>, 969 D. 2d 985, 988 [11th Cir. 1992] [] When a plea rest in any significant degree on a promise or agreement of the prosecutor, such promise must be fulfiled]. Furthermore, <u>Mr. Taylor's 5 years suspended sentence was not apart of his Plea Bargin or Plea Hearing</u>! **in violation of the Criminal Rule No. 11.**

— 11 —

## ARGUMENT

While the doctrine of collateral estoppel is applicable to criminal cases as a

Matter of common law. See <u>Bowling</u> v. <u>State,</u> [298 Md. 396] 470 A. 2d 797 [Md

1984]. Interference with the 'ORDERLY USE OF COURT-HOUSE FACILITIES',

by court officials is no more than an <u>intent</u> 'OBSTRUCTION OF JUSTICE', in

violation of Title 18 U.S.C. section 1503 and 1512 [b][2][A] and [B]. See also,

<u>Cameron</u> v. <u>Johnson,</u> 20 L. Ed. 2d 182. See also, <u>U.S.</u> v. <u>Oliver North</u>, 910 F. 2d

843 [D.C. Cir 1990].

First of all, when the U.S. Attorney Office request the judge to dismiss a pro se

Litigant complaint for summary dismissal, the presiding judge should review the

Entire case for any 'Cause of Action' stated against the respondents and accept the

Stated facts as true. See <u>Warren</u> v. District of Columbia, 353 F. 3d 36, 37 [D.C.

Cir. 2004]. See also, <u>Taylor</u> v. <u>U.S. Probation Office,</u> Appeal No. 03-5370 [D.C.

Cir. 2005]. Article III Judges cannot put a closure on the statute Title 42 U.S.C.

Section 1983, 28 U.S.C. section 1291, 1331, 1361, 1651, 2254, 2255, 2241, 2243,

18 U.S.C. section 241, 242, 3742, D.C. Code section 23-110, 16-1901 and the

Criminal Rule No. 32, overriding what Congress had intended to enforce. A convict-

Ed felony may challenge any statute enacted by Congress that <u>threaten</u> his freedom,

Violate his Constitutional Rights or a lodged detainer/warrant that will cause him to

Become 'KIDNAP' by an Executive Branch in federal or state custody, in which

<u>Parole officials is not vested with judicial power to impose a sentence at all</u>. See

<u>U.S.</u> v. <u>Benz</u>, 282 U.S. 304, 75 L. Ed. 354 [1931].

Section 3551 of the Chapter on Sentences in the United States Code provides that " a defendant who has been guilty of an offense ... shall be sentenced in accordance with the provision of this subchapter." 18 U.S.C.A. § 3551 (a) (1985) (emphasis added). Section 3553 repeatedly states that "the court shall impose a sentence" or the court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." Id, Id. (Supp. 1999) (emphasis); see also §§ 3354-3556, 3562-3564; 3572 (1985). The statute dealing with imprisonment, see §§§ 3582-3586, also speak exclusively of "the court," and never once mention that any other branch or agency of the government has the authority to impose a term of imprisonment. The power to impose sentence belongs to the judicial branch. "Judges have traditionally had the discretion to impose any sentence within the maximum or minimum limits prescribed by legislature." See Smith v. State, 537 So. 2d 982 (Fla. 1989). In Chapman v. U.S., 500 U.S. 453, 467 (1991)( which says that the legislative branch of the Federal Government "has the power to define criminal punishment without giving the court any sentencing discretion, Ex parte United States, 242 U.S. 27, 61 L. Ed 129 (1916). Functionally, separation of powers transgressions occur in either of two ways. A violation results when one branch seriously assumes a function more properly allocated to another, see Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 587-89, 96 L. Ed. 1153 (1952); see also, U.S. v. Velez-Naranjo, cite 691 F. Supp. 584, 585 (D.Conn. 1988).

In most cases, the execution of a Parole Warrant by the U.S. Marshal Office

Will subject a fugitive offender to undergo 'Cruel and Unusual Punishment' behind

Bars, before his writ is ever adjudicated by the U.S. District Court.   Judges cannot

Support the Government argument  in this case, because Mr. Taylor's sentencing

Transcripts clearly shows that ' his 18 months Cap was breached by the Court and

Mr. Taylor's 2 years Supervise Release Term was 'silently' imposed outside of the

Present of Mr. Taylor's Sentencing Hearing.  This federal court must investigate the

Main issue of whether judge Gardner Jr. had meant to imposed 2 years Supervised

Release Term on Mr. Taylor's Judgment and Commitment Order, because the last

Page of Mr. Taylor's Sentencing Transcript states on page number 11, line 20 thru

25 states as follow;

> 'THE COURT;  Let's see. Let me see what they've
> got in here. Let's see.  What does this say here    It
> says cap to 18 months. Well, I must have thought that he
> did something worse.  I must have thought that was a bad
> arrangement. So I'll give you 20 months.  You just saved
> yourself 22 months.  Take him back, marshal.

Mr. Taylor was escorted back into the 'BULL-PIN' upon order of the judge, but

The marshal officer had hand deliver a Judgment and Commitment Order to Mr.

Taylor, whereas he had notice that judge Gardner Jr. had imposed another 2 years

Supervised Release Term sentence on purpose, in violation of the Criminal Rule No.

43 [off the Court's Audio Sound Tape].

Under federal law, a defendant that was placed on Supervised Release Term must

Appear back before his sentencing judge on any 'Show Cause' hearing, because his

Probation officer must file a written report to the Sentencing Court, whereas the judge

Must make a fact finding on any violation of his or her release status, before placing

A person back into custody of the D.C. Jail, as required by the Criminal Procedure

Rule No. 32.1 [a][1] and [2].   It is well settled under the law, that a person must

'WAIVED' his or her own Revocation Hearing and the U.S. Parole Commission

cannot take upon himself to hold a judicial Show Cause Hearing within the D.C.

Jail or the Correctional Treatment Center for D.C. Code Offenders nor can the

Parolee be held without bond under a parole detainer.  The Government is only

Required to request for a 3 days or 5 days hold only and if the magistrate judge does

Decide to place the defendant on Personal Recognizance or a bond, that the Parole

Commission has no judicial power to revoke the above Court's status.  District of

Columbia Code 1973, section 24-104, give the trial court the power to revoke

Probation or Supervise Release.  Also, the Superior Court judges have 'jurisdiction

Of any criminal case under any law applicable exclusively to the District of Columbia.

See D.C. Code section 11-923[b][1].  See also, Title 18 U.S.C. section 3142 [b].


  If, a judge imposes a term of probation, he is authorized to revoke probation and

Can impose a new sentence that was suspended, as well as to cause the rearrest of

 Probationer.  See D.C. Code section 24-304 [a].   The D.C. Code section 24-221.03

States in part, ' that the court shall provide that the person be given credit for time

Spent in custody or on parole as a result of the offense for which sentence was im-

Posed.  The above statute does protect a parolee from being subjected to an 'Ex

Post Facto' violation and for him to escape a double punishment on 'Post

Release' Supervision.   The respondents admit that the Commission had added a

'special drug after care condition to Mr. Taylor's supervised release term'.

Upon the petition/appellant being release from prison on July 17, 2005, he had
Tested 'NEGATIVE' for any illegal drugs, until his probation officer had fabricated
A lie that Mr. Taylor had failed to submit to Drug Testing on 8/9/05, 8/30/05, 9/13/05,
9/22/05, 9/27/05, 11/3/05, 11/15/05, 12/20/05, 12/29/05 and 2/7/06.

Under Federal Law, prisoners whom are release from prison, <u>are only required to</u>
<u>Submit three [3] drug test</u>, and <u>since his probation officer cannot produce a copy of</u>
<u>The first three [3] drug tests as to be positive</u>, <u>than the probation office or the U.S.</u>
<u>Parole Commission cannot force Mr. Taylor to participate in any Drug Treatment</u>
<u>Program at all</u>. Mr. Taylor asserts that the Superior Court judge <u>impermissible</u>
<u>Delegated its authority to a probation officer when it allowed the officer to decide</u>
<u>How many drug tests he would be required to undergo</u>. See 18 U.S.C. section 3583
[d]. Since this claim could not had been address in state court, <u>because judge Wendell</u>
<u>P. Gardner Jr. had failed to informed Mr. Taylor of the nature and consequences of</u>
<u>Supervise Release and had dis-honor the 18 months Cap</u>, the Court should review this
Case under the 'PLAIN ERROR' doctrine [harmful error had exist]. See <u>U.S.</u> v.
Thorne, 153 F. 3d 130 [4th Cir. 1998]. See also, <u>U.S.</u> v. <u>Melendez-Santana</u>, 353 F.
3D 93, 101 [1ST Cir. 2003] [ We determined that the court itself retained ultimate
sentencing authority by requiring the defendant to undergo treatment and that it had
merely delegated 'administrative details' to the probation officer] .

The facts remains in this case, is that, the Superior Court has not issue a 'JUDICIAL
SUMMON' against Mr. Taylor to appear on a 'Failure To Appear' arrest warrant at all,
And the U.S. Marshal Warrant has been filed in a 'FRIVOLOUS' manner to kidnap

Mr. Taylor over the D.C. Jail and <u>adversely affecting the opportunity so that Mr.</u>

<u>Taylor's cannot work in society.</u>

It is unrealistic for the Government's attorney to expect that Mr. Taylor desire to

Sit over the D.C. Jail until this case become resolve or intentionally place in 'LIMBO'

Status, by a judge who afraid to rule against federal officials for corrupting the law.

Furthermore, Mr. Taylor never had a problem for turning himself into the court, when

He had known that his sentencing judge was threatened to lock him up.  Please review

Mr. Taylor's attached docket sheet which states that 'Bench warrant quashed' on

October 24, 2003 because Mr. Taylor had 'WALK-IN' the court.

Mr. Taylor contends that the enactment of Title 18 U.S.C. section 3583 of paragraph

[d] through [I] clearly shows in part that;

> 'Such offender shall be subject to the authority of the
> United States Parole Commission until completion of
> Term of supervised release.  The U.S. Parole Commiss-
> Ion shall have and <u>exercise the same authority as is</u>
> <u>Vested in the U.S. District Court.</u>

The above criminal statute runs an 'encroachment' on the Article III Clause, be-

Cause a Parole Board or panel is not an 'Inferior Court,' parole officials have no

Interpretation of case and controversy issues presented before them, cannot take

'STREET-TIME' to expand the maximum release date of a parolee, <u>return a person</u>

<u>back into the custody of the Bureau of Prison, without an official court order signed</u>

<u>by a judge nor can they re-impose a pending sentence for the court.</u>  See <u>U.S.</u> v.

<u>Pruden,</u> 398 F. 3d at 251.

Congress-Woman Eleanor Holmes Norton and George Bush should never had 'engaged' into a fraudulent scheme to signed a legislative 'BILL' <u>extending the U.S. Parole Commission's authority to perform judicial punishment on D.C. Code Offenders to October 31, 2008</u>. See U.S. Parole Comm'n Extension and Sentencing Commission Authority Act of 2005, Public Law No. 109-76, section 2.

The President of the United States had taken a 'Sworn Oath before the people of This country, that He will personally <u>preserve and protect the Constitution.</u> But as It now stands today, George Bush had <u>impeached</u> himself by signing the above Bill, <u>To deprived all D.C. Offenders of their Constitutional Rights,</u> in violation of Title 18 U.S.C. section 241 and 242.  Furthermore, what makes the Parole Commission's 'PHASE OUT ACT' unconstitutional, is that, parole officials cannot make the <u>final resolution on a parolee sentence</u> and <u>their discretionary duties should not exceed beyond an administrative 'RECOMMENDATION' to a sentencing judge, just as the same function as a magistrate judge.</u> See <u>U.S.</u> v. <u>Johnson,</u> 48 F. 3d 806 [4th Cir. 1995].

This court must now investigate why the Supreme Court judges had <u>declared</u> the U.S. Parole Commission was '<u>ABOLISHED</u>' in the first instance of 1992 and Con-Gress had <u>over-turned a 'set precedent by the Supreme Court</u>' in a disguise manner. See <u>U.S.</u> v. <u>Mistretta</u>, 488 U.S. 361; and <u>U.S.</u> v. <u>Estrada</u>, 680 F. Supp 1312, at 1338 [D. Minn. 1988].  Federal judges have judicial power to declare any bad provision of laws enacted by Congress and must adjust their remedy to bring justice to an end, with-out being 'fear' of exposing the wrong-doings of another branch in the Government. The D.C. Circuit had failed to resolve the Parole Commission <u>infringe on the Separat-</u>

Ion of Power doctrine.

This Court must stay mindful that Mr. Taylor was placed on Supervised Release

Term and not parole. However, a plaintiff need not 'first expose himself to actual

Arrest on a Parole Warrant or prosecution to be entitle to challenge a statute that he

Claims deters the exercise of his constitutional rights.' Steffel v. Thompson, 415

U.S. 452, 459, 94 S. Ct. 1209, 1215, 39 L. Ed. 2d 505 [1974]. Threats of criminal

Prosecution may provide a basis for adjudication. Id. A plaintiff ' should not be

Required to await and undergo a criminal prosecution as the sole means of seeking

Relief. Doe v. Bolton, 410 U.S. 179, 188, 93 S. Ct. 739, 745, 35 L. Ed. 2d 201 [1973].

Indeed, civil actions for declaratory relief against criminal prosecution have become

A common method of challenging the constitutionality of federal statutes. Moreover,

Courts have not hesitated to restrain or enjoin criminal prosecutions where First

Amendment rights are at stake. PHE, Inc. v. Department of Justice, 743 F. Supp. 15,

26 [D.D.C. 1990]. See also, Boggs v. Bowron, 842 F. Supp. 542, 547 [D.D.C. 1993].

This case also raise a 'Federal Question' that judges had retaliated against the named

Plaintiff/appellant in this case for exercising his constitutional rights and most of his

Claims will be declare as moot or irreparable to reduce. In addition, as a matter of

Law that plaintiff had stated a claim for retaliation based on his exercise of constitu-

Tionally and statutorily protected rights. In general, a section 1983 claim will lie

Where the government takes negative action against an individual because of his

Exercise of rights guaranteed by the Constitution or federal laws. See Friedl v.

City of New York, 210 F 3d 79, 85 [2nd Cir. 2000].

A judge without jurisdiction is no more than a man in the street. What his view
May be with respect to a given issue presented to him or her are but of passing
Moment. Jurisdiction either exist or it does not. The issue of jurisdiction can be
Raised at any time, even, as has been said, on a petition for a rehearing after a
Unanimous decision by the Supreme Court. See City of Indianapolis v. Chase
National Bank, 314 U.S. 63, 62 S. Ct. 15, 16, 86 L. Ed 589 [1941]. Challenges
To a subject matter jurisdiction can be raised for first time on appeal. See also,
83 F. 3d 482. Furthermore, a 'judge should be faithful to the law and maintain
professional competence in it.' He should be 'UNSWAYED' by partisan interests,
public clamor, or fear of criticism. See Code of Judicial Conduct, A.B.A. Standard
Canon Code No. 3 [1].  Under Title 28 U.S.C. section 455, a federal judge shall
Recuse himself from a proceeding where a 'personal bias or prejudice concerning
A party,' or where he '[I]s a party to the proceeding.' The Supreme Court has recent-
Ly clarified the appropriate injury on this issue. See Hope v. Pelzer, 536 U.S. 730,
122 S. Ct. 2508, 2515-16, 153 L. Ed. 2d  666 [2002]. Qualified immunity 'operates
to ensure that before they are subjected to suit, officers are  on notice their conduct is
unlawful.' Id at 2515 [quoting Saucier, 533 U.S. at 206, 121 S. Ct. 2151]. See also,
Jones v. Buchanan, 520 F. 3d 520, 531 [4th Cir. 2001].

When  an individual claim that his custody violates the Constitution or laws or
Treaties of the United States, a federal court may grant a writ of habeas corpus. See
28 U.S.C. section 2241 [c] [3] [1994], or in some cases convert a writ into a 'BIVEN'S
 ACTION,'  pursuant to Title 28 U.S.C. section 1331.

## PURPOSE WHY THE WRIT SHOULD BE GRANTED

The Government had the burden of proof to show this Court that a parole warrant can be properly lodged against a D.C. Code Offender that was placed on Supervised Release or parole, without violating the "SEPARATION OF POWER" doctrine ?

All supervised release offenders in the Federal Courts had been instructive to appear before their sentencing judge on any Show Cause Hearings, without being first detain in the D.C. Jail, pursuant to the **1984 Sentencing Reform Act** and federal prisoners are required to receive a 2 or 3 points reduction for pleading guilty as charge, pursuant to the U.S. Sentencing Guideline Manual 3E1.1, but state prisoners does not receive no points reduction at all. For the above statutory discrimination against D.C. Code prisoners, the 54 Days Good Time Credit statute should not apply to them at all. See 18 U.S.C. § 3624. The 120 Days state Good Time Credit Act has been **WHITE-WASHED", due to Contractual prisoners being $i_N$ Bureau of Prisons**. Moreover, the U.S. Parole Commission cannot convince this Court that the petitioner is likely to **"flee or pose a danger to the community", by executing a U.S. Marshall warrant and detaining him over the jail without a judicial Court Order to hold him "Without A Bond.'  Failure to miss a schedule appointment cannot be misconstrue to Failure To Appear in court. State prisoners are being "KIDNAP" behind bars unlawfully.**

~ 21 -

## WHETHER A PAROLE DETAINER CAN BE SUBSTITUTED
## FOR A JUDGMENT AND COMMITMENT ORDER ?

The U.S. Parole Commission and the U.S. Marshal officials had been "DECIEVE" by Congress, to had misinterpret the law that a Judgment and Commitment Order can be converted into a parole detainer. The Parole Commission also used a "NOTICE OF ACTION" as another form of a Judgment and Commitment Order to keep state prisoners in jail. The Parole Commission have extraordinary power give a state prisoner a "PRESUMPTIVE-DATE", to be release from prison. This Presumptive date is not a sure release date, because if a prisoner is found guilty for an incident report, that Presumptive date will be forfeit. A parole offender is require only to serve his/her minimum term sentence and cannot 'violate parole in jail at all, since he has not been release to society.

On March 28, 2006, Circuit judges for the District of Columbia Court of Appeals had handed down a decision for a D.C. Code Offender (Mr. Taylor) and stated that " the two-stage procedure set forth in Gagnon v. Scarpelli, 411 U.S. 788, 781 (1973), was designed to prevent deprivation of a probationer's liberty without a finding of probable cause that he or she has violated the condition of probation. The two-stage proceeding set forth in Gagnon v. Scarpelli, does not apply to a parole hearing at all, in violation of the due process law and constitute a deprivation of a parolee liberty interest. Also, it will be 'futile' to argue a separation of power claim before a parole panel. See McCarthy v. Madigan, 117 L. Ed. 2d 291. See also,

The petitioner respectfully request that judge Emmet G. Sullivan will voluntarily 'recuse' himself from this case in an <u>expeditious</u> manner and refer this case to another judge, <u>because his 'impartiality' is being question under judicial bias</u>, as well as his intent 'Misrepresentation of the Law', <u>for avoiding a separation of power claim</u>. The writ should be granted as requested and all other pending 'Question for Review' must be adjudicated on the merit and <u>quash</u> the Parole warrant in this case.   On the contrary, the 'NEEDLE POINTS BOTH WAYS.'

Respectfully submitted,

*Milton J. Taylor*

Milton Joseph Taylor
1175 Stevens Rd. S.E.
Washington, D.C. 20020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the petitioner's reply motion has been Hand deliver to the Assistant U.S. Attorney, Sherri L. Berthrong, 555 4th St. N.W. Washington, D.C. 20530, on this 18th, day of October, 2006.

*Milton J. Taylor*

Milton J. Taylor
Pro se Counsel

— 23 —

