SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

United States        Case No: F4745-01
V.
MILTON J. TAYLOR
Co-Defendant.

Appeal File Date: 5/24/04

Page(s): 2

The following is a chronological listing of all Court Proceedings in this case

| DATE | ENTRY | JUDGE |
|---|---|---|
| 7/31/01 | #C10 - Charge; Dist. H. Atty. G. Lawrence/G. Baron. Cont. 8/1/01. 1322 (b)(1)(a) Federal parole granted. | ROBINSON |
| 8/1/01 | #201- All parties present. Bond now halfway house. H.A.G.J. To be notified by mail. | GOODBREAD |
| 8/13/01 | Reduction of pre-trials status. Filed on 8/13/01 and forwarded to chambers on 8/13/01. | FELONY BRANCH |
| 8/15/01 | Indictment filed. Counts B-C. Arraignment notice mailed 8/20/01. Cont. 8/29/01. | FELONY BRANCH |
| 8/29/01 | #111 - All parties present. Def. arraigned on Counts B-C. Plea not guilty and request speedy jury trial. Status date set. Motion to modify bond is held in abeyance pending documentation of Judge Freeman's probation decision provided. Cont. 10/12/01. | QUEEN |
| 10/12/01 | #211 - All parties present. Modified w/r order filed. Status held. Cont. 1/28/02. | QUEEN |
| 1/9/02 | Notice of Compliance. Filed 1/8/02. | FELONY BRANCH |
| 2/17/02 | Motion to modify pretrial release. Filed on 1/15/02 and forwarded to Judge Gardner on 1/17/02. Cont. 1/28/02. | FELONY BRANCH |
| 1/28/02 | #111 - All parties present. Trial date set. Cont. 4/25/02 | GARDNER |
| 4/25/02 | #111 - All parties present. Plea to Count B-Distribution of Heroin. Pre-sentence report requested. $100 VVCC assessed. Cont. 6/14/02. | GARDNER |
| 6/14/02 | Final Disposition: Count C is dismissed. Count B-Distribution of Heroin. 5 years in jail. ESS, 2 year supervised probation. 5 year supervised release. 50 hours community services. Fulltime employment, drug assessment and treatment. VVCC paid. | GARDNER |
| 7/11/02 | $100 VVCC paid on 6/14/02. | |
| 10/3/03 | Show cause order signed in chambers and filed herein. Def. is to appear before Judge Gardner on 10/15/03 @9:30 a.m. in Courtroom 118. Cont. 10/15/03. | GARDNER |
| 10/15/03 | #118 - Def. failed to appear for show cause hearing. Bench warrant order issued. $1,000 cash. | GARDNER |
| 10/16/03 | Bench warrant sent to U.S. Marshals for service. | |
| 10/24/03 | Bench warrant quashed. Walk-in. | WARRANT |

ExHibit No. 1

| DATE | ENTRY | JUDGE |
|---|---|---|
| 10/24/03 | #111 - Bench warrant quashed. Deft. informs the Court that he is having difficulty getting his lawyer to return his calls. Atty. Davidson standing-in for assigned lawyer. Show cause cont. 10/31/03. Atty. Lawrence to be notified by phone. | OFFICE GARDNER |
| 10/31/03 | #111 - All parties present. P.O. not present. Notified of next date. Show cause hearing cont. 11/5/03. | GARDNER |
| 11/5/03 | #111 - Deft. lawyer called in sick.   Cont. 11/12/03 | GARDNER |
| 11/12/03 | #111 - P.O. not present and notified by phone of next court hearing. Cont. 11/20/03. | GARDNER |
| 11/20/03 | #111 - All parties present. P.O. present. Show cause hearing vacated. | GARDNER |
| 3/5/04 | Show cause order signed in chambers and filed herein. Deft. is to appear before Judge Gardner on 3/17/04 @ 9:30 a.m. in Courtroom 111. Cont. 3/17/04. | GARDNER |
| 3/16/04 | Motion to vacate correct or set-aside sentence filed.  Cont. 3/17/04 | GARDNER |
| 3/17/04 | #111 - CSO Mr. Erik James present. Work # 442-1307. Judicial summons to issue. Deft. has two different addresses and summons to each.   Cont. 4/9/04. | GARDNER |
| 4/9/04 | #111 - All parties present. Atty. G. Baron appt. Show cause cont. P.O. present. Cont. 5/4/04. | GARDNER |
| 5/4/04 | #111 - All parties present. Show cause hearing cont. 5/7/04. | GARDNER |
| 5/7/04 | #111 - All parties present. Probation revoked. Count B-Distribution of Heroin, twenty (20) months in jail. Two (2) years supervised release. | GARDNER |
| 5/12/04 | Federal designation processed FAP | |
| 5/26/04 | Notice of Appeal filed 5/24/04. | CMB |

Exhibit No. 2

1d

1  or whether it was a plea.
2        THE COURT: I don't remember, to tell you the
3  truth.
4        MR. BARON: And so, I'm not --
5        THE COURT: Let's see. It was a plea. It was a
6  plea. And he pled back in 6-14-02 and all of a sudden
7  it's eight or nine, I don't know how many months later,
8  that all of a sudden that his lawyer wasn't any good. But
9  that's not going to forestall anything today, the fact
10 that he filed a pro se 23110 motion. We can deal with
11 that later.
12                    **SENTENCING**
13       THE COURT: I'll give him five years suspended.
14 He had two years supervised. I don't think that's right.
15 That should have been three years. Oh. And put him on
16 two years probation, five years supervised release.
17 Distribution of heroine. Yes. That's a 30-year sentence.
18 So, your probation is revoked and you've got 42 months.
19 Anything else?
20       MR. BARON: I would ask the Court not to give
21 him the full measure of that 42 months. What we have
22 here, I think, are technical violations for failing to
23 appear at the meetings. He hasn't, as far as I know,
24 hasn't been rearrested on probable cause in any offense.
25 Notwithstanding what's in the report, I believe that he

10

ExHibiT No. 14

1d

1 actually has at least, at least recently, since I've been
2 representing him, tried to do whatever he could to salvage
3 his situation.
4     THE COURT: Well, he's -- I'm trying to check
5 one other thing. Yes. He has been here once before.
6 Forty-two months. Take him back, marshal.
7     MR. BARON: Your Honor, the only other, the last
8 thing that I wanted to raise on his behalf is that it's my
9 understanding that there was, at the initial plea there
10 was an 18-month cap. And I would ask --
11     THE COURT: Eighteen month cap?
12     MR. BARON: That the Government had agreed to an
13 18-month cap.
14     THE COURT: That's what they agreed to. That's
15 not what I agreed to.
16     MR. BARON: I understand that, Your Honor. I
17 just wanted to raise the issue beforehand and to ask the
18 Court to consider not sentencing him beyond the 18-month
19 cap.
20     THE COURT: Let's see. Let me see what they've
21 got in here. Let's see. What does this say here? It
22 says cap to 18 months. Well, I must have thought that he
23 did something worse. I must have thought that was a bad
24 arrangement. So, I'll give you 20 months. You just saved
25 yourself 22 months. Take him back, marshal.

11

Exhibit No. 15

DISTRICT OF COLUMBIA COURT OF APPEALS

F I L E D
MAR 2 8 2006
DISTRICT OF COLUMBIA
COURT OF APPEALS

No. 04-CO-541

MILTON J. TAYLOR,
          APPELLANT,
F4745-01

v.

UNITED STATES,
          APPELLEE.

Appeal from the Superior Court of the
District of Columbia
Criminal Division

(Hon. Wendell P. Gardner, Jr., Trial Judge)

(Submitted March 23, 2006      Decided March 28, 2006)

Before SCHWELB and KRAMER, *Associate Judges*, and STEADMAN, *Senior Judge*.

## MEMORANDUM OPINION AND JUDGMENT

PER CURIAM: On June 14, 2002, following his plea of guilty to one count of distribution of heroin, Milton J. Taylor was sentenced to imprisonment for five years, but the execution of further imprisonment was suspended, and Taylor was placed on probation for two years and on supervised release for five years. On May 7, 2004, the trial judge revoked Taylor's probation and ordered that Taylor serve twenty months in prison.[1] Taylor now appeals, contending that the revocation of his probation was improper. We disagree and affirm.

Taylor's principal contention is that the trial judge erred by holding only one revocation hearing instead of two. This contention is unpersuasive. In *Smith v. United States*, 474 A.2d 1271, 1272-73 (D.C. 1983), this court explained that the two-stage procedure set forth in *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973), was designed to "prevent deprivation of a probationer's liberty without a finding of probable cause that he or she has violated the conditions of probation." Taylor was not detained before his probation

---

[1] This was only one third of the original suspended sentence.

Exhibit No. A

2

was revoked, and so no preliminary (*Peters I*)[2] hearing was necessary. Indeed, since Taylor was not deprived of his liberty until the judge heard the merits and found that Taylor had violated his probation, it is unclear what, if any, purpose a *Peters I* hearing would have served.

The remaining claims made on Taylor's behalf, either in the brief filed by his counsel or in his *pro se* brief, are devoid of merit, and we reject each of them substantially for the reasons stated in the brief for the United States. We likewise discern no merit in any of the contentions made for the first time in Taylor's intemperate *pro se* Reply Brief,[3] which is replete with unsubstantiated allegations of judicial bias and of fraud on the court. Accordingly, it is hereby ordered, adjudged and decreed that the order appealed from is

*Affirmed.*[4]

ENTERED BY DIRECTION OF THE COURT

Garland Pinkston, Jr.
Clerk of the Court

---

[2] The "*Peters* I" and "*Peters* II" procedure utilized in this jurisdiction is described in *In re A.W.*, 353 A.2d 686, 687-96 (D.C. 1976) (per curiam) (Nebeker, J., concurring).

[3] Claims not included in a party's initial brief are deemed waived. *In re Shearin*, 764 A.2d 774, 777-78 (D.C. 2001). Taylor is represented by counsel in this appeal, and we have considered the contentions in Taylor's *pro se* submissions even though, at least arguably, we are not obliged to entertain them at all.

[4] So far as we have been able to determine, Taylor's motion to vacate, correct or set aside his sentence on the basis of ineffective assistance of counsel has not yet been ruled upon.

Exhibit No B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MILTON JOSEPH TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-1634 (EGS) |
| ) | |
| ELEANOR HOLMES NORTON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of petitioner's *pro se* petition for a writ of habeas corpus.[1] Having considered the petition and the federal respondents' opposition, the Court will deny the petition.[2]

I.  BACKGROUND

In the Superior Court of the District of Columbia, petitioner was convicted of distribution of heroin on June 14, 2002.  Pet. at 3.  The court suspended a five-year prison sentence, and instead imposed a term of two years' probation followed by a five-

---

[1] Because petitioner challenges the execution of his sentence, the Court construes his "Emergency Writ of Mandamus" as a petition for a writ habeas corpus.

[2] Although petitioner names Eleanor Holmes-Norton as a respondent in this action, nowhere is there an allegation against her.  Furthermore, she is not his custodian, and, therefore, is not a proper respondent to a habeas petition.  *See Rumsfeld v. Padilla*, 542 U.S. ___, ___, 124 S.Ct. 2711, 2717-18 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)).

1

*Exhibit No. C.*

year term of supervised release.[3] *Id.* On May 7, 2004, the court revoked probation for reasons that are not explained in the record, and imposed a term of 20 months' imprisonment followed by a two-year term of supervised release.[4] *Id.*, Ex. (Judgment and Commitment Order, Criminal Case No. F-4745-01). The United States Parole Commission ("Parole Commission") imposed a Special Drug Aftercare condition that petitioner participate in an approved treatment program from narcotic addition or drug dependency. United States' Opp. to Pet.'s Pet. for an Emergency Writ of Mandamus, Ex. 2 (Notice of Action dated April 14, 2005). Petitioner began his term of supervised release on or about June 17, 2005. Pet., Ex. (Certificate of Supervised Release dated 5-23-2005; petitioner's signature witnessed 7-19-05).

## II. DISCUSSION[5]

The petition is not a model of clarity. In a disorganized fashion, it appears to present rambling legal arguments in essence challenging the authority of the Parole Commission in his case.[6] He begins by arguing that the Parole Commission has been

---

[3]    Petitioner was given credit for jail time served. *See* Pet., Ex. (Judgment and Commitment Order, Criminal Case No. F-4745-01).

[4]    To the extent petitioner challenges his sentence on the ground that it exceeded the maximum term allowed under District of Columbia law, this challenge must be raised by motion in the Superior Court. *See* D.C. Code § 23-110(a).

[5]    Petitioner is serving a term of supervised release, not parole. All of his arguments regarding parole, parole revocation, issuance and execution of parole violator warrants, credit for "street time" and the Parole Commission's authority with respect District of Columbia parolees are irrelevant as they do not apply to him. Insofar as plaintiff raises these claims on behalf of other prisoners and parolees, he does not have standing to do so.

[6]    Petitioner raises the same arguments in abbreviated form in "The Petitioner's Motion for Summary Judgment or in Alternative Grant Him a Preliminary

Exhibit No. D