UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
NOV 0 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MILTON J. TAYLOR
    Petitioner,

V.

U.S. MARSHAL SERVICE,
U.S. PAROLE COMMISSION, ET AL.
    Respondents.

Civil Action No. 06-1545 (EGS)

EMERGENCY MOTION TO RELEASE PETITIONER
FROM THE D.C. JAIL CUSTODY

This matter is still pending before this Honorable Court, whereas the respondent's attorneys had asked the Court to dismissed Mr. Taylor's Writ of Habeas Corpus for the sole reasons for Mr. Taylor being a "Fugitive" from Justice. The U.S. Marshal Service had "executed" a "Parole" Warrant against Mr. Taylor on October 23rd, 2006 at his wife's Maryland address. Fugitive disentitlement does not apply and Mr. Taylor have a right to "protest" a frivolous parole warrant.

-2-

The facts still remains that Mr. Taylor was incidental placed on a 2 years Supervised Release Term, "beyond his NEGOTIATED 18 Months Cap" by his State Judge.

It is well settled, that Mr. Taylor's Judgment and Commitment Order does confirm that his sentence had been "delegated" ~~(his 2 years Supervised Release Term)~~ within the hands of the U.S. Parole Commission, in violation of the "Separation of Power" doctrine. U.S. v. Estrada, 680 F.Supp. 1312,

Mr. Taylor remains to be "kidnap" over the D.C. Jail, awaiting to be seen by a parole panel and will be transport to a B.O.P. prison, without any official Court order or Judicial Show Cause Hearing that is required by the Criminal Procedural Rule No. 32.1. Mr. Taylor has not waived his statutory right to be seen in state Court.

## ARGUMENT

Mr. Taylor had filed a "Reply Motion" in response to the Government's Opposition Motion on October 18, 2006, explaining in details that the U.S. Parole Commission is not an "Article III Judge" to hold a Revocation Hearing on Mr. Taylor nor can the Parole Commission make the "Final" resolution on Mr. Taylor's state sentence. See Johnson v. U.S., 48 F. 3d 806, 807-08 (4th Cir. 1995).

Mr. Taylor's sentencing judge had also delegated to his probation officer to set the full term of drug testing and drug treatment placement, in violation of the Separation of Power. See U.S. v. Menlendez-Santana, 353 F. 3d ___. Mr. Taylor will be violated for the above facts, if this Court does not intervene.

Mr. Taylor's respectfully request that this Court will release him from an "Unlawful-Custody." Thank You!

Dated: 10/26/2006

Milton J. Taylor
#202-514

## CERTIFICATE OF SERVICE

I HEREBY STATES, that I cannot serve a copy of my "Emergency Motion To Be Release From Custody", because I am in an "Intake Block", without proper paper and ink pens, so there, I respectfully request that the Court will serve a copy of this motion on the U.S. Attorney Office. Executed on this 27th day of October, 2006.

Milton J. Taylor
#202-514
D.C. Jail
1901 D St. S.E.
Wash. D.C., 20003