UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON JOSEPH TAYLOR
    PETITIONER,

V.

U.S. MARSHAL SERVICE, ET AL.
U.S. PAROLE COMMISSION
    RESPONDENTS.

Civil Action No. 06-1545 (EGS)

RECEIVED
NOV 13 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION TO RECUSE JUDGE SULLIVAN AND RE-ASSIGN THIS CASE TO ANOTHER JUDGE

This matter is now pending before this Honorable Court for a final resolution. The Government was order to "Show Cause" within a period of 30 Days, but had failed to refut any Mr. Taylor's outstanding claims. Pursuant to Title 28 U.S.C. § 2243, Judge Sullivan was required to issue an order compelling the Government to respond in a period of Three (3) days. The above statute was ignored by Judge

Sullivan, which now prejudice Mr. Taylor being now confined within the D.C. Jail. Mr. Taylor had filed his writ against the respondent while he was in society. The respondents was served, but the U.S. Marshal officers had executed the fugitive arrest warrant out of "Retaliation."

Judge Sullivan had dismissed Mr. Taylor's first 2241 motion a few months ago and than dismissed Mr. Taylor's law suit in this same year. See Taylor v. Eleanor Holmes-Horton, et al., Civil Action No. 06-1634 and Taylor v. U.S. Probation Office, et al., Civil Action No. 03-2134. Both of these above cases had a "Separation of Power" claim being "Un-adjudicated" on the merits, because the U.S. Parole Commission is a "Non-Judicial" officer under the "Executive-Branch", with Judicial Power to issue arrest warrants, confined Mr. Taylor within the D.C. Jail, hold Mr. Taylor without bond, revoke Mr. Taylor supervised

-2-

Release Jeff essentially at trial from his custody testing and the taken of street time credits. See U.S. v. Menlendez-Santana, 353 F.3d ___. Contrary to Title 18 U.S.C. § 3583 (d) thru (I), and D.C. Code § 24-131 and 24-406, which should be declared un-constitional on its face. Mr. Taylor's second civil action that was denied, without the merits being heard, plainly shows in the face of Judge Sullivan, that prison official had ranned Mr. Taylor's state sentence "consecutive" to a federal six (6) months halfway house sentence, that was never served and Judge Friedman had stated in Mr. Taylor's denied "Custody Review Motion" that Mr. Taylor was not serving jail time on his federal sentence at all. On July 30th, 2001, Mr. Taylor serving "pretrial custody" for a state judge, until he was release on probation June 14, 2002. Four and half (4½) months was deducted from Mr. Taylor's state sentence. See computation sheet.

-3-

Judge Sullivan was convince by the Government's argument, not to grant Mr. Taylor's Separation of Power claim. See *Taylor v. Horton*, Civil Action No. 06-1634.

In this case at bar, Mr. Taylor contends that Judge Sullivan did not properly address Mr. Taylor's claims on the merit, because the D.C. Code 24-104 gives State Judges the power to "Revoke" Mr. Taylor 2 years Supervised Release Term, and NOT the U.S. Parole Commission. D.C. Code 11-923 gives State Judges power to decide cases and controversy over Mr. Taylor's allege administrative violation charges and not the U.S. Parole Commission. The Four Circuit Judges was squarely faced with the same situation whether "Non-Judicial" officer can make the final resolution on a prisoner sentence? "That answer was No!" See *U.S. v. Johnson*, 48 F.3d 806, 807-08 (4th Cir. 1995). Judge Sullivan why is you keep picking up my cases?

- 4 -

Judge Sullivan clearly had seen that when Congress had impermissibly "delegated" judicial power to the U.S. Parole Commission, by signing a "Public Law Bill", had ranned an "Encroachment" on the Judicial Branch, because the Supreme Court Judges had declared the U.S. Parole Commission "Abolished", in 1992. See U.S. v. Mistretta, 488 U.S. 361. The U.S. Assistant Attorneys in this case, also had demand Judge Sullivan to not pay any attention to the cited case U.S. v. Estrada, 680 F. Supp. 1312, 1338. The above cases deal with the Separation of Power doctrine in plain view and dispute the delegation of power to the Executive Branch. Furthermore, Congress had "surpassed" the Supreme Court above set precedent and symbolically "Over-Turned" the U.S. v. Mistretta case. This was a "Federal Question" unsolve in this case and the Criminal Rule No. 32.1 states that a Magistrate Judge should hold Probable Cause Hearing and not a Parole Panel.

— 5 —

The only power the Parole Commission should have, is to make a "Recommendation" report to a sentencing Judge to hold a "Show Cause" Hearing. Pursuant to Article II Clause.

For the reason stated in this motion, is that, Judge Sullivan had placed one of Mr. Taylor appeal in "Limbo Status", delaying this case to be heard on the merits, because this is not a "Successive" 2241 motion at all. See U.S. v. Castro, Supreme Court Cite 1997. Furthermore, Mr. Taylor is confine unlawfully without a faster writ, because of Judge Sullivan's previously "adverse" rulings. Judge Sullivan, it is the best of Justice to "Recuse" yourself from this case as expeditiously, pursuant to Title 28. U.S.C § 455. "The Needle Points Both Ways!"

Dated: 11-07-2006

-6-

Respectfully submitted,

Milton J. Taylor #202-514
D.C. Jail
1901 D. St. S.E.
Wash. D.C., 20003