UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON JOSEPH TAYLOR, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Civil Action No. 06-1545 (EGS) |
| | ) |
| U.S. MARSHAL SERVICE, *et al.*, | ) |
| | ) |
|     Respondents. | ) |

## MEMORANDUM OPINION

For the reasons set forth below, the Court will deny the petition for a writ of habeas corpus and all pending motions.

### I. BACKGROUND

Upon revocation of his probation, on May 7, 2004, the Superior Court of the District of Columbia sentenced petitioner to a term of 20 months' imprisonment followed by a two year term of supervised release.  *See* Pet., Ex. 3 (Judgment and Commitment/Probation Order, F-4645-01) & Ex. 12, 15 (excerpts from transcript); United States' Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Resp't Opp'n"), Ex. 1 (Sentence Monitoring Computation Data) at 1.  Petitioner's supervised release term began on May 23, 2005.  Resp't Opp'n, Ex. 3 (Certificate of Supervised Release).  Among the conditions of his release was the following special condition:

> [Y]ou shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addition or drug dependency.  That program may include testing and examination to determine if you have reverted

>   to the use of drugs.  You shall abstain from the use of alcohol and
>   all other intoxicants during and after the course of treatment.

*Id.* at 3 & Ex. 3 (April 14, 2005 Notice of Action ordering petitioner subject to Special Drug Aftercare Condition).

The United States Parole Commission ("Parole Commission") issued a parole violator warrant on or about April 20, 2006.  *See* Resp't Opp'n, Ex. 4 (Warrant Application), Ex. 5 (April 20, 2006 memorandum regarding instructions for warrant execution).  According to the warrant application, plaintiff violated the conditions of his release by: (1) failing to submit to drug testing on 11 occasions between August 9, 2005 and February 7, 2006, (2) testing positive for use of opiates on 40 occasions between September 29, 2005 and March 28, 2006, (3) failing to report to his supervising officer on four occasions, and (4) failing to report for a scheduled assessment in violation of the Special Drug Aftercare Condition.  *Id.*, Ex. 4 at 1-2.  Evidently, the United States Marshals Service executed the warrant on October 23, 2006.  Emergency Motion to Release Petitioner from the D.C. Jail Custody at 2.

In this action, petitioner demands an order "to 'squash' a frivolous detainer . . . [and to] 'vacate' his 2 years supervised release term."  Pet. at 22.

## II.  DISCUSSION

### A.  Petitioner's Motion for Recusal Will Be Denied

Recently, this Court dismissed one civil action and denied a petition for a writ of habeas corpus in another action filed by petitioner.  *See Taylor v. United States Probation Office*, Civ. No. 03-2134 (EGS), 2006 WL 2830858 (D.D.C. Sept. 29, 2006); *Taylor v. Holmes-Norton*, No. 05-1634 (EGS), 2006 WL 1071517 (D.D.C. Apr. 21, 2006).  Because of

this Court's "previously 'adverse' rulings" in those actions, petitioner moves for recusal. *See* Motion to Recuse Judge Sullivan and Re-Assign this Case to Another Judge at 6.

A judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge shall disqualify herself "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).[1] The standard for disqualification under Section 455 is an objective one. The question is whether a reasonable and informed observer would question the judge's impartiality. *See In re Brooks*, 383 F.3d 1036, 1043 (D.C. Cir. 2004); *United States v. Microsoft Corp.,* 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam). A judge's legal decisions are almost never grounds for a claim of bias or impartiality. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Cotton v. Washington Metro. Area Transit Auth.*, 264 F.Supp.2d 39, 42 (D.D.C. 2003) (denying motion for recusal where "claim of bias is predicated entirely upon the [magistrate judge's] rulings with respect to the conduct of discovery in the instant action, and rulings regarding discovery and other issues in three other actions filed by Plaintiffs' counsel").

Petitioner's dissatisfaction with this Court's rulings is not a proper basis for recusal in this case. Upon careful consideration, the motion for recusal will be denied.

### B. Petitioner Is Not Entitled to Habeas Relief

Petitioner does not present a single issue that has not been raised and rejected in his prior habeas action. As a District of Columbia Code offender serving a term of supervised release, he is subject to the supervision of the Court Services and Offender Supervision

---

[1] The Court concludes that none of the other bases for recusal, *see* 28 U.S.C. § 455(b)(2)-(5), is applicable.

Agency, the entity responsible for "any offender who is released from imprisonment for any term of supervised release imposed by the Superior Court of the District of Columbia." D.C. Code § 24-133(c)(2). In addition, petitioner is "subject to the authority of the United States Parole Commission until completion of the term of supervised release." *Id.*; *see* D.C. Code § 24-403.01(b)(6) ("Offenders on supervised release shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release."). Petitioner does not demonstrate that the Parole Commission's actions usurp the authority of the Superior Court of the District of Columbia or otherwise violate any statutory or constitutional provision.

A writ of habeas corpus shall not extend to a District of Columbia prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Petitioner has made no such showing, and, therefore the Court must deny his petition. An Order consistent with this Memorandum Opinion will be issued on this same date.

    Signed:    EMMET G. SULLIVAN
                      United States District Judge