RECEIVED
JAN 0 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON J. TAYLOR
    PETITIONER

v.   Civil Action No. 06-1545
    (EMMET SULLIVAN)

U.S. MARSHAL OFFICE, ET AL.
    RESPONDENT.

## MOTION TO AMEND AND SUPPLEMENT FACTS TO IMMEDIATELY RELEASE THE DEFENDANT

This matter is still pending for resolution, due to the respondents had purposely violated the "Separation of Power" doctrine and Mr. Taylor is being "kidnapped" at the D.C. Jail, without an official judgment and commitment order, placing him within the custody of the "Attorney General" as required by the law.

## AMENDED FACTS

On October 23rd, 2006, the U.S. Marshal Services officials had executed a "Parole-Warrant" against Mr. Taylor at his wife home address in Lanham, Maryland and drove Mr. Taylor across state-line to this U.S. District Court to their office, after being served twice. See <u>Taylor v. Congress-Woman Eleanor Holmes-Norton, et al</u>, Civil Action No. 05-1634 (D.C.D.C.).

Both related cases deals with a "Separation of Power" claim that Judge Sullivan had purposely declined to rule on Mr. Taylor's outstanding merits, as justice requires. On December 21st, 2006, Judge Sullivan had also issue an order to Mr. Taylor's Home Address in Southeast

-2-

Washington "Refusing to Recuse Himself," here is a Judge that had made Two(2) adverse decising against Mr. Taylor's Law Suit and first writ of Habeas Corpus, but feel deeply in his own Heart, to make a third perverse Judgment again. If, this does happen above, Judge Sullivan will be charged by the public, News Reporters, Nation of Islam, T.V. Stations, Internet Cites, Churches and the "Masonic Order" etc., for "obstruction of Justice" and a conspiracy to "cover-up" Governmental officials informally "wrong-doing." Government Immunity cannot save him for being "Impeach" later, for violating his "Sworn-Oath" in office. See Canon Code No. 3 and 28 U.S.C § 453.

On December 14, 2006, the U.S. Parole Comission and his members had compelled Mr. Taylor to signed an Expedited Revocation Proposel in respect to a "Plea Offer" of 8 months in Jail and a "New" Term of Supervised Release of 52 months following release from custody.

On the contrary, Mr. Taylor sentencing Judge had imposed a 20 months prison term and a two (2) years Supervised Release term and not a parole sentence at all. The 8 months prison term will result to Mr. Taylor's "Full" term of Supervised Release term and the 52 months new terms of Supervised Release term, does violates the "Ex Post Facto Clause." See <u>Lynce</u> v. <u>Mathis</u>, 519 U.S. 433, 439-41 (1997).

This courthouse Judges has already declared that Executive Officials cannot "contravene" a Judge's Court Order.

-4-

SEE Taylor v. U.S. Probation Office, et al, 03-5170 (D.C. Cir. 2005).

SEE ALSO, U.S. v. Taylor, Criminal No. 97-0035 (decided by Judge Gladys Kessler).

The Fourth Circuit Judges highly "condemn Non-Judicial" officials for making the "Final-Resolution" on a person's sentence at all. See U.S. v. Johnson, 48 F.3d 806, 807-08 (4th Cir. 1995). See also, Menlendez-Santana, 353 F.3d ___. v. U.S. There is also an Appellate Writ of Mandamus against Judge Sullivan.

Mr. Taylor's separation of Power claim is really "Tailor-Made" and the Government has no "Loop-Holes" and this case must be brought to "Half-Mass." The "Needle points both ways!"

Dated: December 25th, 2006

Respectfully submitted

Milton J. Taylor
#202-514
D.C. Jail

-5-