UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON JOSEPH TAYLOR
    PETITIONER

RECEIVED
JAN 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

V.                      Civil Action No. 06-1545 (EGS)

U.S. MARSHAL OFFICE, ET AL.,
    RESPONDENTS.

MOTION TO AMEND ADDITIONAL FACTS
TO EXPEDITE MR. TAYLOR'S IMMEDIATELY
RELEASE FROM THE D.C. JAIL

This motion is being presented to guide this honorable Court's attention in the right direction of the Constitutional standard of law, so that there will not be no further "Foul-Play", to obstruct Mr. Taylor's pending writ of Habeas Corpus and the unreasonable delay tactics perpetrated by Judge Sullivan.

Habeas use to challenge (challenge) Constitutional right to be tried before impartial fact-finding when Judge failed to recuse

himself. See Mann v. Thalacker, 246 F.3d 1092, 1094 (8th Cir. 2001).

## JURISDICTION

Jurisdiction is conferred upon this Honorable Court to had granted this writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2243, which to instruct a Federal Judge to examine whether Mr. Taylor's complaint has merits or not to release him from an unlawful confinement at the D.C. Jail, within a period of three (3) days and not a 4 to 5 months debate with the government. See Barker v. Wingo, 407 U.S. 514 (1972).

## PRELIMINARY FACTS

The petitioner had first filed his 2241 writ in the year of 2005, whiled he was in society challenging

the unconstitutionality of parole procedure, among other things, and the U.S. Parole Commission having jurisdiction over Mr. Taylor's Supervised Release Term. See <u>Taylor v. Eleanor Holmes Norton, et al.</u>, Civil Action No. 1634 (EGS). This above case was adversely denied by Judge Sullivan for a "Final Resolution," because He Had purposely misinterpreted the Law by declaring that "Mr. Taylor's Post-Supervision was not a custody," but the government Had "dissent" on Mr. Taylor's pending appeal that the writ was a proper remedy before this court. See <u>Taylor v. Norton</u>, Appeal No. 06-5160 (D.C. Cir.).

Mr. Taylor had filed this writ on August 31st, 2006, trying to have this Court to "vacate" a

"Frivolous" filed U.S. Marshal Parole Warrant lodged against Mr. Taylor. This issue is to be declared "moot" by this Court, because Mr. Taylor is now confined within the D.C. Jail, by the execution of that parole warrant and has been punished for three (3) months, without a Court's Judge sentence.

FOOT NOTES FROM JUDGE SULLIVAN'S
PREVIOUS DENIED COURT ORDER ON 4-21-2006

As quote: Petitioner is serving a term of supervised release, not parole. All of his arguments regarding parole, parole revocation, issuance and execution of parole violator warrants, credit for "street time" and the Parole Commission's authority with respect of D.C. parolees are irrelevant as they do not apply to him. Id at Page No. 2, See Exhibit A.

the unconstitutionality of parole procedure, among other things, and the U.S. Parole Commission having jurisdiction over Mr. Taylor's Supervised Release Term. See <u>Taylor v. Eleanor Holmes Norton, et al.</u>, Civil Action No. 1634 (EGS). This case wasr (was) adversely d

On the contrary, to Judge Sullivan's previously foot notes, Mr. Taylor had "warned" Judge Sullivan and the Government that, for "any small violation that may occur during his Supervised Release Term," a warrant will issue for execution by the U.S. Marshal, and upon its execution, he will find himself at the D.C. Jail, "kidnapped," without a court order to authorize his return to custody. See Pet. at 11. This Court's ruling was as stated: "Such harms are speculative, and absent an actual case or controversy, there is no issue for resolution by this Court."

There is no longer a speculation for Mr. Taylor being "kidnapped" in Jail, because the [P]arole warrant

-5-

was executed on October 23, 2006 at Mr. Taylor's wife house in Lanham, Maryland and than transporting back across "State-line" to the District of Columbia.

### NEW SENTENCE IMPOSED BY THE U.S. PAROLE COMMISSION UNCONSTITUTIONALLY

On December 14th, 2006, Mr. Taylor was coerced and threatened by parole officials to signed an "Expedited Revocation Proposal" to a "New" prison term of 8 months in jail and additional 52 months supervised release term, that was never apart of Mr. Taylor's original sentence at all, in violation of his 5th, 8th and 14th Amendment Rights. If Mr. Taylor did not sign this Expedited Revocation Proposal, he will be serving a 36 months prison term. SEE EXHIBIT B

-6-

LEGAL ARGUMENT

Mr. Taylor now "protest" that the D.C. Code § 24-406 is a "SHAM" statute being enforced by the U.S. Parole Commission, because it authorize the Parole Commission to forfeit "Street Time Credits from D.C. Code Offenders, in violation of the "Ex Post Facto" Clause. To inflict greater punishment than the law was in effect when the crime was committed is forbidden by the "Ex Post Facto Clause of the Constitution." See Lynce v. Mathis, 519 U.S. 433, 439-41 (1997).

Federal Judges are prohibit from imposing a sentence beyond the maximum statutory sentencing Guidelines Range. See U.S. v. Thorne, 153 F. 3d 130 (4th Cir. 1999).

-7-

Rather, Mr. Taylor had violated any condition of his supervised release term, after the execution of a parole violator warrant and his custody at the D.C. Jail is to be unconstitutional. First, Mr. Taylor was required a "two-stages" hearing by the Superior Court. A preliminary hearing must be held to determine whether probable cause exist to believe that the parolee violated parole condition, before he was deprived of his liberty interest. See <u>Gagnon</u> v. <u>Scarpelli</u>, 411 U.S. 778 (1973). See <u>U.S.</u> v. <u>Taylor</u>, ___ A.2d ___. (decided 3-28-2006) (Appeal No. 04-CO-541).

These above set precedent cases does contradict the warden holding Mr. Taylor "kidnapped" at the D.C. Jail.

-8-

The Criminal Procedure Rule No. 32.1(e) does authorize an Article III Judge to hold a hearing to revoke or modify probation or supervised release term and does not authorize the U.S. Parole Commission to exercise this above function at all. The power to revoke a D.C. Code offenders sentence, was granted to the sentencing Judge. See D.C. Code § 24-109. Defendant has a right to be resentenced by original sentencing judge on remand following Booker error. See U.S. v. Lence, 455 F.3d 1047 (9th Cir. 2006).

The Superior Court Judges are the only "Judicial" officers that can resolve cases and controversy issues and not the Parole Commission. See D.C. Code § 11-923

-9-

Article III Clause of the Federal Constitution, the Framers never had included the U.S. Parole Commission to had acted in the same capacity of a sentencing Judge. Congress-Woman Eleanor Holme-Norton impermissibly granted an extension for the U.S. Parole Commission to exercise the law in "Bad Faith" to re-detain D.C. Code Offenders back in the custody of the D.C. Jail and the Bureau of Prison, in violation of Title 18 U.S.C. § 241, 242, 371 and 1201. This is an approval of Criminal Intent, through the statutes D.C. Code § 24-133(c)(2), D.C. Code § 24-403.01(b)(6) and Title 18 U.S.C. § 3583(d)-(i), as well as the U.S. Parole Commission Extension and Sentencing Commission Authority Act of 2005,

Pub. L. No. 109-76 § 2, 119 Stat. 2035 (Sept. 29, 2005).

The Petitioner have a clear understanding of Federal Law, that the Parole Commission has "usurps Judges' authority by imposing and extending prison sentences", in this case. See <u>U.S. v. Estrada</u>, 680 F. Supp. 1312. The Petitioner has return back to custody upon revocation of Supervised Release.

Judge Wendell P. Gardner Jr is totally responsible for signing Mr. Taylor's Judgment and Commitment Order granting the U.S. Parole Commission to have jurisdiction of Mr. Taylor original two(2) years Supervised Release Term, in violation of the Separation of Power doctrine. See <u>U.S. v. Johnson</u>, 48 F. 3d 806, 807-08 (4th Cir. 1995).

-11-

If, this Court will ever research Mr. Taylor's plea and sentencing transcripts, than the Government opposing this writ, is the same "family" that had "breached Mr. Taylor's 18 months cap on April 25,th 2002 and May 7th 2004," whereas Judge Gardner Jr. had declined to adjudicate the merits of Mr. Taylor's writ of habeas corpus since March 16, 2004 (34 months delay) un-answer. See U.S v. Grimmond, 137 F.3d 823, 828 (4th Cir. 1998); see Barker v. Wingo, 407 U.S. at 530; see also, Doggett v. U.S., 506 U.S. 647, 651-52 (1992).

Mr. Taylor will never be able to receive a sentencing reduction in his state case (F-4745-01), because Judge Gardner Jr had "boy cott" that relief

- 12 -

and that state remedy is ineffective to pursue. See CAMERON v. JOHNSON, 20 L.Ed. 2d ___. See also, 18 U.S.C. § 1512.

The relief in this case is being "Ambush" also by Judge EMMET SULLIVAN, because he won't "RECUSE" himself in this case, writ of mandamus file against him and "his impartiality is being question by the public." See MANN v. THALACKER, 246 F.3d 1092, 1094 (8th Cir. 2001)

Lastly, to correct Judge Sullivan's misinterpretation of the DNA Analysis Backlog Elimination Act of 2000, is found to be unconstitutional in the face of this Court. Because the mandatory collection of a "DNA" sample or urine test, highly constitute a self-incriminated future "data bank" report to be

- 13 -

substitute for a physical evidence, so that the Government can "prejudice a person's future trial" and to <u>Foreclose the Jury Panel from Judging a case under the Legal Standard of</u> "Reasonable Doubt," in violation of the Criminal Procedure Rule No. 403.

The compulsory collection of a positive urine test result inevitably leads to the revocation of supervision and return to Jail pursuant to a Parole Commission warrant. This above process is consider to be an "illegal search" within someone's physical body and it also become a physical data instrument report, for the Probation Officers can confirm their "testimony" under oath, in violation of the 4th and 5th Amendment Rights.

-14-

The framers never intended that a defendant's "positive urine test", should constitute a prison punishment, when an addict has a mental and physical illness, but is in need of help, as well as was for the government to invoke his 5th Amendment rights. See Miranda v. Arizona, ___ L.Ed.2d ___. See also, Kastigar, supra, 406 U.S. at, 443-44; Defendants are only required to submit three(3) Drug test and this court "delegate" its authority to probation or parole officials to revoke a person sentence for not attending a Drug Treatment Program, because violates the "Separation of power" doctrine. See U.S. v. Menlendez-Santana, 353 F.3d ___. The law was never based on "public

-15-

concern" but on the grounds of "reasonable doubt."

The Government's sham prosecution must be brought to "Half-Mass", because injustice becamed an "Altar" in Federal and State Courts, because justice has been turned away backward; for truth is fallen in the street. Read Isaiah 59:14...

For the reason stated herein, either this Court respect justice and release Mr. Taylor from the D.C. Jail or deny this Writ in an "Expediously" manner.

Dated: 1-22-2007

Respectfully submitted,

Milton J. Taylor #06193-016
D.C.D.C. # 202-514
D.C. Jail
"Jailhouse Lawyer Bar No. 777-13"

- 16 -