UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON JOSEPH TAYLOR, )
)
Petitioner, )
)
v. ) Civil Action No. 05-1634 (EGS)
)
ELEANOR HOLMES NORTON, *et al.*, )
)
Respondents. )

## MEMORANDUM OPINION

This matter is before the Court on consideration of petitioner's *pro se* petition for a writ of habeas corpus.[1] Having considered the petition and the federal respondents' opposition, the Court will deny the petition.[2]

### I. BACKGROUND

In the Superior Court of the District of Columbia, petitioner was convicted of distribution of heroin on June 14, 2002. Pet. at 3. The court suspended a five-year prison sentence, and instead imposed a term of two years' probation followed by a five-

---

[1] Because petitioner challenges the execution of his sentence, the Court construes his "Emergency Writ of Mandamus" as a petition for a writ habeas corpus.

[2] Although petitioner names Eleanor Holmes-Norton as a respondent in this action, nowhere is there an allegation against her. Furthermore, she is not his custodian, and, therefore, is not a proper respondent to a habeas petition. *See Rumsfeld v. Padilla*, 542 U.S. ___, ___, 124 S.Ct. 2711, 2717-18 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)).

1

*Exhibit A*

year term of supervised release.[3] *Id.* On May 7, 2004, the court revoked probation for reasons that are not explained in the record, and imposed a term of 20 months' imprisonment followed by a two-year term of supervised release.[4] *Id.*, Ex. (Judgment and Commitment Order, Criminal Case No. F-4745-01). The United States Parole Commission ("Parole Commission") imposed a Special Drug Aftercare condition that petitioner participate in an approved treatment program from narcotic addition or drug dependency. United States' Opp. to Pet.'s Pet. for an Emergency Writ of Mandamus, Ex. 2 (Notice of Action dated April 14, 2005). Petitioner began his term of supervised release on or about June 17, 2005. Pet., Ex. (Certificate of Supervised Release dated 5-23-2005; petitioner's signature witnessed 7-19-05).

II. DISCUSSION[5]

The petition is not a model of clarity. In a disorganized fashion, it appears to present rambling legal arguments in essence challenging the authority of the Parole Commission in his case.[6] He begins by arguing that the Parole Commission has been

---

[3] Petitioner was given credit for jail time served. *See* Pet., Ex. (Judgment and Commitment Order, Criminal Case No. F-4745-01).

[4] To the extent petitioner challenges his sentence on the ground that it exceeded the maximum term allowed under District of Columbia law, this challenge must be raised by motion in the Superior Court. *See* D.C. Code § 23-110(a).

[5] Petitioner is serving a term of supervised release, not parole. All of his arguments regarding parole, parole revocation, issuance and execution of parole violator warrants, credit for "street time" and the Parole Commission's authority with respect District of Columbia parolees are irrelevant as they do not apply to him. Insofar as plaintiff raises these claims on behalf of other prisoners and parolees, he does not have standing to do so.

[6] Petitioner raises the same arguments in abbreviated form in "The Petitioner's Motion for Summary Judgment or in Alternative Grant Him a Preliminary

2

*Exhibit A*

## Response To Expedited Revocation Proposal

Name: TAYLOR, MILTON            Reg No: 06193-016            DCDC No: 202-514

### PROPOSED DECISION

Revoke the term of supervised release. You shall serve a new term of imprisonment of 8 months from the date the warrant was executed 10/23/2006. You shall serve a new term of supervised release of 52 months following release from custody.

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not warranted.

[X] I accept the above-proposed decision of the U.S. Parole Commission. By accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision.

[ ] I decline the U.S. Parole Commission revocation proposal. I wish to have an in-person revocation hearing.

[ ] I wish to request a 14-day extension to consider this proposal.

_Milton J. Taylor_                                    12-14-2006
Signature                                              Date

_[signature]_                                          12/14/06
Witness                                                Date

Exhibit B

Expedited Revocation Proposal TAYLOR MILTON 06193-016

# Expedited Revocation Proposal

| Name: TAYLOR, MILTON | Reg. No: 06193-016 | DCDC No: 202-514 |
|---|---|---|

I. The Parole Commission has found that you have violated the conditions of your release.

II. The Commission has found probable cause on the following charges:

Charge No. 1 - Failure to Submit to Drug Testing

Charge No. 2 - Use of Dangerous and Habit Forming Drugs

Charge No. 3 - Violation of Special Condition (Drug Aftercare).

Charge No. 4 - Failure to Report to Supervising Officer as Directed

III.    SALIENT FACTOR SCORE (SFS-98)

Items        Rules, Scores and Explanations

SFS Item A    Rule:    Prior convictions/adjudications (adult or juvenile)
                       None = 3; One = 2; Two or three = 1; Four or more = 0

              Score:   SFS Item A = 0

              Explanation: Subject has 5 prior convictions/adjudication

| Date | Offense | Disposition |
|---|---|---|
| 10/23/1980 | Armed Robbery | Probation (1-0); Probation revoked sentenced to 8 months on 7/23/82 (1-1) |
| 02/11/1982 | Carrying a Dangerous Weapon | 2 to 6 years on 10/26/82 (2-1) Appears consective to violation term |
| 10/26/1982 | Carrying a Firearm without a License and Conspiracy to Commit Armed Robbery | 3 to 10 years on 2/4/83 (3-1) |
| 07/17/1993 | Conspiracy to Commit Armed Robbery | 60 days on 7/17/93 (4-2) |
| 07/30/2001 | Distribution of Heroin (33-541 (A)(1)) (F 4745-01) | probation on 6/14/02 (5-2); Probation revoked and sentenced to 20 months with 2 years Supervised Release on 5/7/04 (5-3); Released on 6/18/05. |

Expedited Revocation Proposal TAYLOR MILTON 06193-016

**SFS Item B**   **Rule:**   <u>Prior commitments of more than thirty days (adult or juvenile)</u>
None = 2; One or two = 1; Three or more = 0

   **Score:**   SFS Item B = 0

   **Explanation:** Subject has 3 commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

**SFS Item C**   **Rule:**   <u>Age at current offense/prior commitments</u>

| | | |
|---|---|---|
| <u>26 years or more</u> | +3 or less prior commitments | = 3 |
| | +4 prior commitments | = 2 |
| | +5 or more commitments | = 1 |
| <u>22-25 years</u> | +3 or less prior commitments | = 2 |
| | +4 prior commitments | = 1 |
| | +5 or more commitments | = 0 |
| <u>20-21 years</u> | +3 or less prior commitments | = 1 |
| | +4 prior commitments | = 0 |
| <u>19 years or less</u> | +any number prior commitments | = 0 |

   **Score:**   SFS Item C = 3

   **Explanation:** Subject was 45 years old at the commencement of the current offense and had 3 prior commitments.

**SFS Item D**   **Rule:**   <u>Recent Commitment Free Period (Three Years)</u>
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

   **Score:**   SFS Item D = 0

   **Explanation:** 08/09/2005 - Date of Current Offense.
06/18/2005 - Release to the Community from last commitment

**SFS Item E**   **Rule:**   <u>Probation/Parole/Supervised Release/Confinement/Escape Status Violator</u>
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

   **Score:**   SFS Item E = 0

   **Explanation:** Subject is a parole/ supervised release violator.

**SFS Item F**  **Rule:** <u>Older Offenders</u>
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

**Score:** SFS Item F = 1

**Explanation:** Sum of Items A-E = 3 and the offender was 45 years old at the commencement of the current offense.

**TOTAL SALIENT FACTOR SCORE = 4**

IV. **Guidelines**
Your violation behavior has been rated Category One severity because it involved administrative violations. Your salient factor score is 4. Your Reparole Guidelines, established by Commission, indicate a range of 8 - 12 months to be served.

V. **Expedited Revocation Proposal**
Your violation behavior makes you eligible to apply for the following expedited procedure. You may, waive your right to revocation hearing, accept responsibility for your conduct, and consent to revocation on the record. If you do so, the Commission will take the action indicated on the attached <u>Response To Expedited Revocation Proposal.</u>

For the Commission to approve your application for this revocation procedure, the U.S. Parole Commission must receive the completed form within 14 days of the date noted on the cover letter. If the completed form is not received within 14 days, a revocation hearing will be held and the proposed action will not be binding on the Commission.

You are under no obligation to apply for the expedited revocation procedure. If you do not wish to waive your right to a revocation hearing and accept the proposed action, please indicate, on the <u>Response To Expedited Revocation Proposal.</u>, that you decline the proposal. You will be given a revocation hearing under normal procedures. After your revocation hearing, the Commission, on the basis of the information available, may take any action authorized by its regulations. Thus, the action taken by the Commission may be the same, more favorable, or less favorable than the proposed action. The Commission will not take into account the fact that you chose to have a revocation hearing rather than accept the proposed decision.

Expedited Revocation Proposal TAYLOR MILTON 06193-016

# United States Court of Appeals
### For The District of Columbia Circuit

---

**No. 06-5366**                                   **September Term, 2006**

Filed On:

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED JAN 1 0 2007

CLERK

In re: Milton Joseph Taylor,
         Petitioner

**BEFORE:**   Ginsburg, Chief Judge, and Henderson and Randolph, Circuit Judges

## ORDER

Upon consideration of the petition for writ of mandamus and the motion for leave to proceed in forma pauperis, it is

**ORDERED** that the motion for leave to proceed in forma pauperis be granted. It is

**FURTHER ORDERED** that the petition for writ of mandamus be denied. Petitioner seeks a writ of mandamus directing the United States Parole Commission to compel the warden of the D.C. Jail to release him. Petitioner has failed to demonstrate that he has "no other adequate means to attain the relief he desires" or that his right to relief is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Petitioner has another avenue available to seek the requested relief – he may, and in fact has, filed a petition for a writ of habeas corpus in the district court. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 806 n.2 (D.C. Cir. 1988) (noting that because mandamus is a drastic remedy, mandamus would be available only if the complaint fell outside the reach of habeas or if habeas was inefficacious); Taylor v. United States Marshals Service, et al., No. 06-1545 (D.D.C. petition for habeas corpus filed August 31, 2006). To the extent petitioner seeks to challenge the district court's order disposing of his habeas petition in civil case No. 05-1634, those arguments are properly raised in the appeal from such order, No. 06-5160. See In re GTE Service Corp., 762 F.2d 1024, 1026-27 (D.C. Cir. 1985) (mandamus cannot be used as a substitute for appeal).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.

**Per Curiam**

Exhibit C